M'CUTCHEN, adm'rx, *vs.* M'CUTCHEN.

1. Objections raised to the time of filing a plea in abatement, founded on the rules of court, must be made in the court below, and cannot be entertained in the Supreme court.

2. The right of an administrator to the possession of the personal property of his intestate, is not impaired by an injunction forbidding its distribution.

3. Judgment for defendant on a plea in abatement, whether it be an issue in fact or in law, is, that the writ or bill be quashed, ----and a *respondeas ouster* therefore is not awarded.

Error to the Circuit court of Jackson county.

Detinue for a slave.

The plaintiff brought an action of detinue in the court below, against the defendant, to recover a slave.

The defendant pleaded in abatement of the suit, that previous to the institution of the suit, she had filed her bill in chancery, claiming said slave as her own property, by virtue of a deed of gift from her husband, the plaintiff's intestate, and praying that the plaintiff be restrained from distributing said slave as part of the estate of said intestate, and that an injunction restraining such distribution was in full force. To this plea, the plaintiff demurred. The demurrer was overruled, and final judgment rendered in favor of the defendant.

The plaintiff assigned for error—

1. That the court erred in receiving the plea, as it did not appear that it was filed in proper time;

2. In overruling the demurrer;

McCutchen, adm'rx, *vs.* McCutchen.

3. In rendering a final judgment without granting the plaintiff leave to reply to the plea.

*Robinson*, for plaintiff in error.
*Parsons*, contra.

*Robinson*, for plaintiff in error, cited 2 Porter, 260, to shew that the plea of defendant below ought not to have been sustained, not being filed in proper time. The court was wrong in overruling plaintiff's demurrer to the plea, as it was entitled of no term of the court—(1 Chitty's Pl. 448; 1 Tidd. 588)—and because a former suit of defendant against plaintiff, could not be plead in abatement of the action—(1 Chitty's Pl. 443; 1 Saund. on Pl. and Ev. 17, 18.) Judgment final ought not to have been rendered without leave to reply—(Aik. Dig. 277.)

ORMOND, J.—The first assignment of error rests for support on the twelfth Rule of Practice, which is, that "No plea in abatement shall be received, if objected to, unless by the endorsement of the clerk, it appear to have been filed within the time allowed for pleading." It does not appear from the record, that any objection was made by the plaintiff to the filing of this plea: we can not therefore presume that such was the fact. To permit the objection to be made here, when it was not made in the court below, would be productive frequently of great injustice, as the pleadings, if entitled at all, are generally entitled of the proper term. The record would not itself disclose the true time of filing the plea, and if it

McCutchen, adm'rx, *vs.* McCutchen.

did, it might be that the delay was caused by the plaintiff himself. In this case, it appears that an office judgment for failing to plead, was set aside, and leave given the plaintiffs to file their declaration, and to the defendant to file her plea. In every view that we can take, there is great propriety in requiring the objection to the filing of the plea, to be made in the court below. The demurrer merely questions the legal sufficiency of the plea—not the time of filing it. This was so determined by this court, in the case of Callison vs. Lemons, (2 Porter's R. 145.)

But the plea itself is clearly bad. The right of the plaintiffs to the possession of the personal property of their intestate, is not impaired by an injunction, forbidding its distribution. It is both their right and their duty, to take the necessary steps to have the property of their intestate in a condition for distribution, when the proper time arrives ; or to answer any other exigency which the law might cast on them, as the representatives of the deceased.

In the case of McGowen and wife vs. Young, (2 Stew't, 276,) an action of trover had been commenced for the conversion of four slaves. On the trial, the defendant offered in evidence the record and proceedings in a chancery suit, by which it appeared, that the plaintiff had been enjoined from removing the property in question, out of the State. But the court held that this did not bar the action, although the residuary interest was in the defendant. So, in this case, the injunction forbidding distribution of the slave in question, did not at all interfere with the right of the plaintiffs to the posses-

8 P. 20

McCutchen, adm'rx, *vs.* McCutchen.

sion of the slave, as the representatives of their intestate. What would have been the result, if the injunction had been, that no suit should be instituted by the plaintiffs at law, to recover the possession of the slave, it is not necessary now to determine. It is sufficient that the present bears no analogy to such a case. The court below, therefore, erred in not sustaining the plaintiffs demurrer to the defendant's plea.

The third assignment of error is not well taken. The judgment for the defendant on a plea in abatement, whether it be an issue in fact or in law, is, that the writ or bill be quashed: there was therefore no error in not awarding a *respondeas ouster.* But for the error pointed out, the judgment must be reversed, and the cause remanded.