CHILTON & BOWDON v. HARBIN.

1. When judgment is rendered for the defendant, on a demurrer to a plea in abatement, it is error if the court refuse to permit the plaintiff to take issue on the facts of the plea.

Error to the Circuit Court of Talladega.

The defendant pleaded in abatement of the action, that he was not sued in the county of his residence. The plea was sworn to before a justice of the peace. To the affidavit was appended a certificate of the county clerk, certifying the official character of the justice, with the county seal attached. To this plea, the plaintiff demurred, and the court overruled the demurrer. Thereupon, the plaintiff moved the court for leave to take issue on the plea, which the court refused, and rendered judgment for the defendant. This is now assigned for error.

Bowdon, for plaintiff in error.
Pryor, contra.

ORMOND, J.—The plea setting forth the freehold and residence of the defendant in another county, was sufficient, and the de-

murrer to it was correctly overruled.    The affidavit of its truth, made before a justice of the peace, was not objectionable, as the statute only requires that the plea should be accompanied by an affidavit of its truth, when the fact does not otherwise appear.

But in refusing permission to the plaintiff to take issue on the facts of the plea, the court erred.    It is certainly the rule .of the common law, that the judgment for the defendant on a plea in abatement, whether it be an issue in fact or in law, is, that the writ be quashed.    This rule of the common law has been changed by our statute, which authorises the party after his demurrer is overruled, to take issue on the facts.    The exercise of this right does not rest in the discretion of the court, and as it was demanded, it was error in the court to refuse it.

In the case of McCutchen v. McCutchen, 8 Porter, 151, it did not appear that the plaintiff desired to contest the facts alleged in the plea, and we therefore hold that it was proper to render judgment final.

Let the judgment be reversed, and the cause remanded.