## BOSWELL v. TUNNELL AND WIFE.

1. A plea that the plaintiff impleaded the defendant for the same causes of action in a justice's court, and there obtained a judgment against him, which he appealed to the county court, when the appeal was pending at the return term of the writ, is a good plea in abatement.

Writ of Error to the County Court of Fayette.

ACTION of assumpsit by Tunnell and wife against Boswell. The defendant pleaded in abatement, that before the writ in this cause was issued, the plaintiffs impleaded him for the same identical causes of action before a justice's court, and obtained judgment thereon against him, upon which he appealed the said cause to the county court, where it was pending against him, at the return term of said writ. Wherefore, &c. The writ issued the 11th June, 1845, and the plea avers the judgment in that behalf stated in the plea was had the 2d June of that year. The plaintiffs demurred to this plea, and their demurrer was sustained.

This is the only error relied on by the defendant.

WM. R. SMITH, for the plaintiff in error, cited Jenkins v. Pierpont, 2 Johns. Cases, 312; 2 Cow. Treat. 672.

L. CLARK, contra, argued, it did not sufficiently appear from the plea, that the suit was appealed *before* the writ was issued. The appeal may have been taken after.

GOLDTHWAITE, J.—We think this plea well pleaded. It avers the identity of the parties—of the cause of action—that judgment was given against the defendant—and that this judgment was appealed to the county court, where it was pending at the return of the writ. It would be a strained conclusion, that the appeal was not pending, when the assertion is, the judgment was obtained the 2d of June, and

only five days are allowed to take the appeal.   The writ issued on the 11th and consequently must have been after the appeal was taken.   But independent of this construction of the plea, as it stands, there would be no reason why the defendant should not have pleaded a former recovery, if the facts are as the plaintiffs suppose them.

The plea being well pleaded, there was error in sustaining the demurrer.

Judgment reversed and cause remanded.