# Day *v.* Huckabee.

## *Special Action for Damages.*

1. *Residence and freehold in another county; form of plea.*—A plea averring the defendant's residence and freehold in another county, which is matter of abatement only, would be demurrable at common law, if in form a plea in bar; but, under the statute (Code of 1876, §§ 2987, 2990), being determined by the subject-matter, it is a good plea in abatement.

2. *Judgment on demurrer to plea in abatement.*—On overruling a demurrer to a plea in abatement, the plaintiff may, under our practice, plead over, if he elects to do so; but the record must affirmatively show that he claimed the privilege, or he cannot complain that he was deprived of it.

APPEAL from the Circuit Court of Hale.

The record does not show the name of the presiding judge.

This action was brought by Andrew J. Day against Caswell C. Huckabee, and was commenced on the 10th March, 1876. The plaintiff, in his complaint, claimed one thousand dollars, as damages, for that whereas, on the 14th January, 1867, the defendant leased a saw-mill and certain lands in Bibb county to the plaintiff, with the privilege of cutting timber on the lands for the use of the mill, and pointed out the boundaries of the lands; and the plaintiff entered on the lands, and cut timber within the designated boundaries; and afterwards the Brierfield Iron Works Company, a cor-

[Day v. Huckabee.]

poration chartered under the laws of Alabama, claiming the said lands, brought suit against plaintiff and defendant for a trespass on account of the timber so cut and used, and recovered a judgment against them for one thousand dollars, besides costs; and plaintiff was compelled to pay five hundred dollars on said judgment, besides costs and counsel fees, and was put to great trouble and expense in attending court, &c.; wherefore he sues, &c.

At the return term, the defendant filed a plea, which was sworn to, as follows : " Comes the said defendant, in his own proper person, and says the said plaintiff ought not further to sustain this suit, because he says that, at the time the summons and complaint in this cause were issued, he, this defendant, was a freeholder in the county of Perry in said State, and that said county of Perry was at that time the county of his residence ; and this he is ready to verify." The plaintiff demurred to this plea, "because the matter set up in said plea can only be pleaded in abatement, while said plea is in form a plea in bar." The court rendered the following judgment on the demurrer : "In this cause, came again the parties by attorney, and thereupon came on to be heard the plaintiff's demurrer to the defendant's plea in abatement; and upon hearing the argument of counsel, and having examined the premises, it is considered by the court, that the plaintiff's demurrer to the said plea in abatement be, and the same is hereby overruled ; and after an inspection of the premises, and deliberation by the court, it is considered that the said plea in abatement, by the defendant in manner and form as aforesaid pleaded, is good and sufficient in law to bar and preclude plaintiff from having and maintaining his said action against the defendant ; it is therefore considered by the court, that the plaintiff take nothing by his suit, and that the defendant go hence," &c.

The overruling of the demurrer to the plea, and the final judgment rendered, are now assigned as error.

GARRETT & WALKER, for appellant.

BRICKELL, C. J.—At common law, in pleas in abatement, matters of form were regarded as matters of substance ; and the present plea would have been demurrable, because it is in form a plea in bar, while its matter is purely in abatement. The statutes have materially changed the common-law system of pleading, and its rules. In reference to pleas, it is declared, "the plea must consist of a succinct statement of the facts relied on, in bar or abatement of the suit, and no objection can be taken thereto, if the facts are so stated

[McKee v. Griffin et al.]

that a material issue can be taken thereon."—Code of 1876, § 2987. Again, "The fact whether a plea is in bar or abatement, is ascertained by the subject-matter and prayer of the plea." The present plea avers with certainty the residence and freehold of the defendant in another county than that in which he was sued, and its defects of form the statutes cure.

The judgment at common law, on overruling a demurrer to a plea in abatement, was that the writ be quashed—the plaintiff was not allowed to answer over, and contest the truth of the plea. This rule has also been changed by statute; and after a demurrer is overruled, the plaintiff has the right, if he elects, to take issue on the facts.—*Chilton & Bowden v. Harbin*, 6 Ala. 171. If it affirmatively appeared this right was denied appellant by the Circuit Court, the judgment would be erroneous. It must, however, appear affirmatively that he proposed to answer over, or the presumption will be made that he did not desire to contest the facts alleged in the plea.

The judgment is affirmed.