## TUTTLE v. WHEATON ET AL.

1. **Attachment**: RELEASE OF: INTERVENTION. A third person claiming ownership of personal property, attached in a suit to which he is not a party, who has recovered actual possession of the property, under sections 2996, 2997, Code, may intervene in the attachment suit, by virtue of section 3016, Code, and have his rights to the property adjudicated.

*Appeal from Hancock District Court.*

MONDAY, DECEMBER 12.

ON the 8th day of October, 1880, the plaintiff commenced an action by attachment against the defendants, J. and H. Wheaton, to recover the sum of $60. On the 17th day of January, 1881, the sheriff made return to the clerk of the court, of a writ of attachment showing that he had levied the same on twenty-two stacks of hay, and that the intervenors, Burnside Bros., had filed with him their affidavit and bond as provided by section 2996, Code of 1873, and that thereupon he released and discharged the attached property. On the 19th day of January, Burnside Bros. filed in said cause their petition of intervention, claiming that they are the owners of the hay levied upon, in virtue of a purchase thereof from the defendants. The plaintiff filed an answer to the petition of intervention alleging that intervenors, before filing their petition of intervention, gave a delivery bond for the attached property, and thus secured the release of the attached property, and the delivery thereof to them, wherefore plaintiff submits that the petition of intervention should be dismissed. The intervenors filed a motion to strike said answer from the files, which was overruled, but it was agreed by counsel that it might be treated as a demurrer to the answer. The demurrer was thereupon sustained, and judgment was rendered against plaintiff in favor of the intervenors. The plaintiff appeals.

*O'Connell & Springer*, for the appellant.

*F. M. Goodykuntz* and *A. C. Ripley*, for the appellee.

DAY, J.—The interest which the plaintiff claims in the property, being less than one hundred dollars, the court has certified the questions upon which it is desirable to have the opinion of this court, as follows:

1. "Can a third person, not a party to a suit in which an attachment has been issued and levied on personal property, intervene in such action claiming a judgment for the possession of the attached property, after he has recovered and holds actual possession thereof by virtue of the provisions of section 2996 and 2997 of the Code of 1873, by giving bonds?

2. "Can a third person claiming ownership of personal property attached in a suit to which he is not a party, after he has recovered and holds actual possession of the attached property under and in pursuance of the provisions of sections 2996 and 2997, Code of 1873, apply to the court in such attachment suit and have his rights to such attached property adjudicated under section 3016, Code, 1873 or otherwise?" Sections 2996 and 2997 of the Code, simply provide a means whereby a person claiming an interest in attached property may secure a discharge of the property attached. In order to do this he must give a bond conditioned that the property or its estimated value shall be delivered to the sheriff to satisfy any judgment which may be recovered against the defendant. The sections do not contemplate an ultimate and final release of the attachment, but that the property itself or its value shall be returned to the sheriff. It is true the party effecting the release may violate the conditions of his bond, refuse to return the property, and subject himself to an action upon the bond, in defense of which he may show that the property did not belong to the attachment defendant. But, we are of the opinion that he is not limited to this course. Section 3016, of the Code provides:

1. ATTACH-
MENT: re-
lease of: in-
tervention.

VOL. LVII.—20

"Any person other than the defendant may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof or any attached debt, present his petition, verified by oath, to the court, disputing the validity of the attachment, or stating a claim to the property or money, or to an interest in or lien on it under any other attachment or othewise, and setting forth the facts upon which such claim is founded; and the petitioner's claim shall be in a summary manner investigated. The court may hear the proof or order a reference, or may impanel a jury to inquire into the facts. If it is found that the petitioner has title to, a lien on, or any interest in such property, the court shall make such order as may be necessary to protect his rights. The costs of such proceedings shall be paid by either party at the discretion of the court." This statute is very broad and general in its terms. It provides a remedy for any person other than the defendant before the sale of any attached property. The property in question was attached property, although temporarily discharged by the giving of a bond.

To hold that the property in question ceased to be attached property in the sense in which the word is employed in section 3016, upon the execution by the intervenors of a bond, conditioned for the delivery of the property, or its value to the sheriff to satisfy any judgment which might be recovered, would be to place an exceedingly narrow and technical construction upon the provisions of that section. In our opinion the second question certified by the court must be answered in the affirmative. The first question is not material to the determination of the rights of the parties, and is not pertinent to the issue, as the intervenors did not claim a judgment for the possession of the attached property, but they ask that they be adjudged to be the owners of the attached property, which was already in their possession. The judgment of the court below is

AFFIRMED.