# Foster *v.* Napier.

## *Action for Malicious Prosecution.*

1. *Amendments to pleadings at law; when may be made.*—Pleadings, in civil actions at law, are amendable at any time before the rendition of final judgment; and if the matter of amendment to a complaint is proper, the pendency of pleas in bar, or in abatement, the legal effect of which the amendment may obviate, is rather a reason for, than an objection to its allowance.

2. *Amendment to complaint; when proper.*—Amendments to the complaint, introduced for the purpose of adapting it to the various shapes or phases in which the pleader apprehends the evidence may present the case, and making no other change than in the description of the cause of action, are admissible, so long as the identity of the matter upon which the action is founded is preserved.

3. *Plea must answer all it proposes to answer.*—It is a rule of pleading, applicable alike to pleas in abatement and to pleas in bar, that the plea

| 73 | 595 |
| 93 | 628 |
| 73 | 595 |
| 96 | 383 |
| 97 | 527 |
| 73 | 595 |
| 110 | 612 |
| 73 | 595 |
| 112 | 657 |
| 73 | 595 |
| 116 | 123 |
| 116 | 545 |
| 73 | 595 |
| 130 | 808 |
| 131 | 156 |
| 73 | 595 |
| 140 | 439 |
| 73 | 595 |
| 141 | 429 |
| 73 | 595 |
| 143 | 288 |

[Foster v. Napier.]

must answer all that it proposes to answer; otherwise, it will be adjudged bad on demurrer.

4. *Plea in abatement; pendency of prior suit for same cause of action.* The principle is well settled, that the pendency of a prior suit for the same cause of action, in a court of competent jurisdiction, between the same parties, will abate a later suit, because the latter is deemed vexatious and oppressive; and, in such case, the vexation and oppression is a conclusion of law, not a matter of fact, and is not dependent upon an inquiry into the actual circumstances of the case.

5. *Same.*—Hence, a plea in abatement to an action for malicious prosecution, setting up the pendency of a prior suit between the same parties for the same cause of action, is good, although it appears from the averments of the plea, that when the first suit was commenced, the prosecution was not ended, and, of consequence, that the suit was prematurely brought.

6. *Same.*—The plea of the pendency of a prior action for the same cause, between the same parties, stands upon like principles, and is supported by like evidence, as a plea of a former recovery; and while the pleas have not the same, but a like office, the plea in abatement is not available, unless the judgment which could be rendered in the prior suit, would be conclusive between the parties, and operate as a bar to the second suit.

7. *Torts as causes of action; can not be split.*—As causes of action, torts are, like contracts, indivisible and can not be separated into parts; and if a plaintiff should sue but for a part, the judgment operates a merger of the right of recovery for the tort in its entirety.

8. *Preliminary examination before committing magistrate, commencement of prosecution; pendency of prior suit.*—A preliminary examination before a committing magistrate, in a criminal case, is the commencement of a prosecution, of which an indictment, susequently preferred, is but a continuation; and hence, to an action for a malicious prosecution by indictment in the circuit court, a plea in abatement, setting up the pendency of a prior suit between the same parties for the same prosecution before a committing magistrate, is good, it appearing that the plaintiff was held by the magistrate to answer an indictment, and that the indictment was subsequently preferred.

APPEAL from Bullock Circuit Court.

Tried before Hon. H. D. CLAYTON.

This was an action on the case by George C. Napier against Sterling J. Foster, to recover damages for the malicious prosecution of the plaintiff by the defendant, and was commenced on 10th August, 1881. The complaint, as originally filed, contained three counts, in each of which the offense for which the plaintiff was prosecuted, is averred to have been the selling and removing of personal property on which the defendant had a lien, etc., the offense created by the statute now embodied in section 4353 of the Code of 1876; the value of the property being sufficient to constitute the alleged offense a felony under the statute. In the first and second counts the prosecution is averred to have been commenced on 14th January, 1880, before one McPherson, a justice of the peace, and it is further alleged that the defendant gave bond for his appearance at the circuit court, to answer an indictment, that an indictment was returned against the plaintiff, by defendant's procurement, and that he

[Foster v. Napier.]

was tried thereon, and acquitted of the offense charged; the first count averring the date of the trial and acquittal to have been the 22d April, 1881 ; but the second merely averring that they occurred prior to the commencement of this suit. The third count is more general in its averments, merely alleging the arrest and imprisonment of the plaintiff under and by virtue of a warrant issued by said justice on 14th January, 1880, charging the plaintiff with the commission of said offense, and the subsequent judicial investigation of the charge, and discharge of the plaintiff, with appropriate averments of malice, etc. Before what tribunal the investigation was had, is not averred in this count. The defendant filed two pleas in abatement, in each of which is alleged the pendency of a prior suit commenced in said circuit court by the plaintiff against the defendant, based on the same cause of action, the malicious prosecution of the plaintiff for said offense. In these pleas it is averred that said prior suit was commenced on 18th April, 1881; and with one of the pleas is exhibited a copy of the summons and complaint therein. That complaint, containing one count, avers the arrest and imprisonment of the plaintiff under a warrant issued by the said justice of the peace on 14th January, 18-0, charging the plaintiff with said offense; and that before the commencement of that suit, "the said charge was judicially investigated, and the plaintiff discharged, and that the said prosecution has been determined and ended." It is not averred before what tribunal the investigation was had, and no reference is made to any proceedings in the circuit court.

After the filing of the pleas in abatement, the plaintiff was allowed, against the defendant's objection and exception, to amend his complaint, by striking out the first count, and by adding two additional counts, declaring on a malicious prosecution of the plaintiff by the defendant for the same criminal offense. In the first of these additional counts, no reference is made to the proceedings before the justice of the peace, but the prosecution is alleged to have been by an indictment returned into the circuit court, by the defendant's procurement, and to have terminated in that court by a trial and acquittal of the plaintiff. The other additional count is similar in its averments to the second count of the original complaint, but presenting the cause of action in different language, and somewhat in a different form. After the amendment of the complaint, the defendant again pleaded in abatement the pendency of said former action, set forth in the pleas to the complaint as originally filed. To the pleas in abatement the plaintiff demurred. The court overruled the demurrers to the pleas, "except as to the first count in the amendment to the complaint," holding that the pleas "were good" as to all the counts,

[Foster v. Napier.]

except as to said first count, as to which they "were not good," and that "said pleas did not abate the action." The plaintiff thereupon "filed his replication of *nul tiel record* to said pleas in abatement," and the court, "on an inspection of the record, which was introduced in evidence, overruled the said replication of *nul tiel record*, and the defendant then moved the court to abate the suit on this ruling; but the court refused to abate the suit, but abated all the original and amended complaint, except the first count in the amendment; and to this ruling the defendant excepted." Thereupon, the defendant, being "required by the court to plead further to the first count in the amendment to the complaint," filed pleas in bar of the action. The opinion of this court does not render it necessary to set out these pleas, or the further proceedings had in the court below on the trial of the cause.

There was a judgment on verdict in the circuit court for the plaintiff, from which the defendant prosecuted this appeal; and the rulings above noted, adverse to the defendant, are here assigned as error.

WATTS & SONS and N. B. FEAGIN, for appellant. (1) The pleas in abatement set forth every fact, and make all the averments necessary to show that the two suits were for the same cause of action, and none other, and between the same parties, and none other. The pleas were to the *action*, and not to any one or more counts of the complaint; and the demurrer to each should have been overruled. They should have been overruled entirely, or should have been sustained entirely. If the demurrers were not well taken, the pleas were good to the action; and, unless replication had been made to them, the judgment, on overruling the demurrers, should have been to grant the prayer of the pleas, that the *suit* be abated. (2) The pendency of a prior suit, for the same cause of action, between the same parties, is good ground of abatement.—1 Chitty on Plead. p. 454; 6 Wait's Ac. & Def. 397; *Dean v. Massey*, 7 Ala. 601; *Boswell v. Tunnell*, 10 Ala. 958; *Crawford v. Clute*, 7 Ala. 157; *Humphries v. Dawson*, 38 Ala. 204; *Menniece v. Jeter*, 65 Ala. 231; *Com. v. Churchill*, 5 Mass. 174; *Gamsby v. Ray*, 52 N. H. 513; *Parker v. Colcord*, 2 N. H. 36; *Beach v. Norton*, 8 Conn. 71; *Davis v. Dunklee*, 9 N. H. 545. The judgment on demurrer to a plea in abatement of the pendency of another suit for the same cause of action, if the demurrer is overruled, according to the common law, *must be, that the writ be quashed*, and can not be *respondeat ouster*.—*McCutchen v. McCutchen*, 8 Port. 151; *Chilton v. Harbin*, 6 Ala. 171. Under our statute, however, the plaintiff, after his demurrer to the plea in abatement is overruled, may take issue *in fact* on

[Foster v. Napier.]

the plea. And when the matter pleaded in abatement is the pendency of a prior suit for the same cause of action, the only issue *in fact* is *nul tiel record.*—*Gaston v. Parsons*, 8 Port. 469. · If the court finds the issue on the plea of *nul tiel record* in favor of the defendant, the only judgment which can be rendered is one quashing the writ.—*Gaston v. Parsons, supra.* (3) The maxim of the common law, that no one shall be twice vexed with the same cause of action, by the same party, has been the uniform doctrine in this State. And the doctrine is fully established in Great Britain, and is uniform, that, upon a plea of former action pending, *vexatiousness* is a conclusion of law, drawn from the fact of two suits brought by one person against another for one cause, and pending at one time ; and it is not matter of inquiry, depending upon the question, whether the first was defective, or whether the plaintiff, by bringing the second, was in fact vexing the defendant.—See *Gamsby v. Ray, supra*, and other authorities there cited. The following cases discussed and distinguished, or criticised on this point: *Bank v. Turbox*, 20 Conn. 510 ; *Reynolds v. Harris*, 9 Cal. 338; *Phillips v. Quick*, 68 Ill. 324 ; *Langham v. Thomason*, 5 Tex. 127 ; *Hill v. Dunlap*, 15 Vt. 645 ; *Downer v. Garland*, 21 Vt. 362. (4) After the court held the pleas *good* to all the counts in the original complaint, the plaintiff replied *nul tiel record ;* and, on an inspection of the record, the replication was not sustained. It was then the duty of the court to have rendered judgment in favor of the defendant, *quashing* the original summons and complaint. The finding of the replication, *nul tiel record*, not sustained, was equivalent to declaring that the *first* suit was for the same cause of action, between the same parties, and that it was pending when the *second* was brought. (5) The court erred in allowing the amendment by adding two additional counts to the complaint. This amendment was allowed after the filing of the pleas. If the amendment was for the same cause of action as alleged in the original complaint, the amendment related back to the commencement of the suit, and the pleas applied to them ; and if the pleas were good at all, they applied to, and covered the complaint as amended. And the action of the court, in holding the pleas good as to the original complaint, necessarily operated to abate the suit. If a new, separate and distinct cause of action was introduced by the amendment, it should not have been allowed, because it would have been a departure.—See *Mahan v. Smitherman*, 71 Ala. 563 ; *Mohr v. Lemle*, 69 Ala. 180 ; *Johnson v. Martin*, 54 Ala. 271.

CLOPTON, HERBERT & CHAMBERS and J. T. NORMAN, *contra.* (1) It is well settled by the decisions of this court, that, under

the Code, the circuit court has power to allow an amendment of the pleadings, even after the evidence has been closed, and the argument concluded. It is the right of the plaintiff, " during the progress of the trial, *indeed at any time before final judgment,* to amend the complaint in any respect, in which it was defective."—*McBrayer v. Cariker,* 64 Ala. 50; *Burkham v. Mastin,* 54 Ala. 122; *Prater v. Miller,* 25 Ala. 320; *Forcheimer v. Picard,* 27 Ala. 142; *Crimm v. Crawford,* 29 Ala. 623; *Tommey v. Gamble,* 66 Ala. 469. (2) The amendment to the complaint did not introduce a *new cause* of action, or any cause of action which was not covered by the original complaint. This point· discussed, with following citations of authorities: *Mahan v. Smitherman,* 71 Ala. 563; *Stringer v. Waters,* 63 Ala. 361; *Simpson v. M. & C. R. R. Co.,* 66 Ala. 85; *Nelson v. Webb,* 54 Ala. 436; *Ragsdale v. Bowles,* 16 Ala. 62; *Long v. Rogers,* 17 Ala. 540; *Ewing v. Sanford,* 19 Ala. 605. (3) The general rule is conceded, that the pendency of a former suit between the same parties, on the same cause of action, may be pleaded in abatement of a second suit. But this general rule has its limitations and modifications. The reason of the rule is, that the second suit is unnecessary and .vexatious. The rule does not, therefore, prevail, where it appears that the first suit must be ineffectual, or is so defective that no judgment could be rendered therein, or is a nullity.—*Bank v. Tarbox,* 20 Conn. 510; *Rogers v. Hoskins,* 15 Ga. 270; *Reynolds v. Harris,* 9 Cal. 338; *Langham v. Thomason,* 5 Tex. 127; *Phillips v. Quick,* 68 Ill. 324; *Menniece v. Jeter,* 65 Ala. 222. The pleas in abatement set forth the complaint in the first suit as a part thereof. This complaint avers that the prosecution was ended before the justice of the peace; but it seeks to abate a suit, the complaint in which shows that the prosecution before the justice of the peace was 'not ended, when the first suit was commenced, April 18th, 1881, but that the plaintiff had given bond for his appearance at the circuit court. From this it appears that no cause of action had accrued when the first suit was commenced, and that it must have been ineffectual. Or it appears that the cause of action declared on in the second suit had not accrued, at the time of the commencement of the first suit; and hence, the pendency of a suit on an accrued cause of action can not abate a subsequent suit on a cause of action which subsequently accrued. (4) The pendency of another action will not be good .in abatement, unless a judgment or recovery therein can be pleaded in bar to a subsequent suit between the same parties.—*Hall v. Wallace,* 25 Ala. 438. To constitute a judgment a bar as a plea, or as conclusive evidence, the necessary ingredients are, that the parties must be the same, *the point must be directly in question,* and *the judgment must be rendered*

[Foster v. Napier.]

*on that point.*—*Gilbreath v. Jones*, 66 Ala. 129. Procuring an indictment in the circuit court, and the prosecution of the plaintiff thereunder, maliciously and without probable cause, and his acquittal, is not the same subject-matter, and is not a point directly or indirectly in question in the first suit; and a judgment rendered therein would not be rendered on that point. Hence, a judgment in the former suit for a malicious prosecution before the magistrate could not be pleaded in bar of the first count in the amended complaint, in the second suit, which was the only count upon which the trial was had, and which counted on a malicious prosecution in the circuit court. (5) A former suit will not abate a second suit for the same things or causes of action in such former suit; and also for other and additional things or causes of action. *Ballou v. Ballou*, 25 Vt. 673. If, therefore, it were conceded, that the second suit is for the same prosecution before the magistrate, which is the cause of action in the former suit, and is also for another and subsequent prosecution in the circuit court, the former suit will not abate the subsequent suit. (6) Notwithstanding the plea avers that the two suits are for the same cause of action, yet, if it appears from the pleadings, that the causes of action are not the same, the plea will be bad.—3 Chitty on Plead. (13 Am. Ed.) note to p. 903. (7) A demurrer to an entire complaint, containing good and bad counts, should be overruled.—2 Brick. Dig. 347, § 287. So also, if a plea in abatement is filed to an entire complaint, containing several counts, as to some of which the plea is sufficient, and as to others it is insufficient, it should be overruled, or, certainly, should not be sustained, except as to those counts to which it is sufficient. Otherwise, a plaintiff is denied the right of joining two or more causes of action in different counts in the same complaint. (8) The pleas in abatement profess to answer the *entire complaint* as amended. If the demurrer to the pleas in abatement should have been sustained as to the entire complaint, then the error in overruling the demurrer as to all the counts except one, is error on the side of the defendant, or at least, error without injury. If the pleas in abatement were not good to the first count in the amendment, then there was no error in sustaining the demurrer to them as pleas to such first count, although they were good pleas as to all the other counts.

BRICKELL, C. J.—Pleadings, in civil actions at common law, are amendable at any time while the cause is in progress; at any time before the rendition of final judgment, for until then the proceedings are said to be *in fieri*.—*McBrayer v. Cariker*, 64 Ala. 50; *Burkham v. Mastin*, 54 Ala. 122. If the matter of the amendment is proper, the pendency of pleas

[Foster v. Napier.]

in bar, or in abatement, the legal. effect of which the amendment may obviate, is rather a reason for than an objection to its allowance. In *Crim v. Crawford*, 29 Ala. 623, it is said : " Our statute of amendments is very liberal, and is indicative of a legislative intent, that no mere mistake of the pleader, as to the allegations necessary to make a cause of action complete, shall defeat the suit. . . . . There is no limit to the power of amending the allegations of a complaint, except that a party should not be allowed to depart in the complaint entirely from the process, or to substitute an entirely new cause of action, or to make an entire change of parties. Either of these things would be tantamount to the institution of a new suit, and would not be an amendment of the old cause of action." The rule is simple and clear ; there has been in the subsequent decisions of this court no departure from it ; and yet there seems to be found much of difficulty in its practical application, for questions touching the amendment of complaints are constantly arising, and are of frequent presentation here for revision.

The original complaint contained three counts, each averring as the cause of action, the same tort, a malicious prosecution of the plaintiff for a criminal offense. The first and second counts averring the commencement of the prosecution before a justice of the peace, its continuance in the circuit court, by indictment presented by a grand jury, and the acquittal of the plaintiff. The third is general, averring only the issue of the warrant by the justice, the arrest and imprisonment of the plaintiff, and the determination of the prosecution by his discharge, describing the same offense as the subject of the prosecution. The amendment which was allowed was the insertion of two additional counts, and the striking out of the first count of the original complaint. The tort alleged in the additional counts is the same tort alleged in the original complaint—it is not another distinct tort, and is not of consequence a different cause of action, or a new cause of action. The plaintiff could not, under the additional counts, offer evidence of any matter or ground of recovery, which was not within the cause of action stated in the original complaint. Whether there was a necessity for the introduction of the counts, it is not necessary to consider. They were introduced, doubtless, to adapt the complaint to the various shapes or phases in which the pleader apprehended the evidence might present the case. Amendments of this character, working no other change than in the description of the cause of action, are admissible, so long as the identity of the matter upon which the action is founded is preserved.

The pleas in abatement are directed to the whole complaint ; they profess to be in abatement of the action as an entirety ; and not in abatement of one or more of the several counts of the complaint. The rule applicable alike to pleas in abatement,

[Foster v. Napier.]

and to pleas in bar is, that the plea must answer all that it proposes to answer; and if it be not an answer to the extent that it professes, on demurrer, it must be adjudged bad.—1 Chit. Pl. 476; 2 Brick. Dig. 348, §. 301. If, as was adjudged on demurrer by the court below, the pleas were good as to all the counts of the complaint, except the first additional count introduced by the amendment, and their insufficiency for this reason was assigned as a cause of demurrer, there was error in sustaining the demurrer in part and overruling it in part; the demurrer should have been sustained, and the pleas adjudged bad. This is not, however, an error available to the defendant, for it is not of injury to him, unless the pleas were sufficient to abate the count as to which they were overruled.

The matter of the pleas is the pendency of a prior action between the same parties, for the same cause or matter, in a court of competent jurisdiction. The principle is well settled, that the pendency of a prior suit for the same thing, or, as is generally said, for the same cause of action, in a court of competent jurisdiction, between the same parties, will abate a later suit; because the latter is deemed unnecessary and vexatious. *Bullock v. Perry*, 2 St. & Port. 319; *McCutchen v. McCutchen*, 8 Port. 151; *Gaston v. Parsons*, *Ib.* 469; *Dean v. Massey*, 7 Ala. 601; *Boswell v. Tunnell*, 10 Ala. 958; *Rood v. Eslava*, 17 Ala. 430; *Humphries v. Dawson*, 38 Ala. 199. The reason of the principle is well expressed in the familiar maxim: " *Nemo debet bis vexari, si constet curiæ quod sit pro una et eadem causa.*" The doctrine is thus stated in 1 Bac. Ab. 28, M.: "The law abhors multiplicity of actions; and, therefore, whenever it appears on record, that the plaintiff has sued out two writs against the same defendant, for the same thing, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer *in infinitum;* and it is not necessary that both should be pending at the time of the defendant's pleading in abatement; for if there was a writ in being at the time of suing out the second, it is plain the second was vexatious and ill *ab initio.*" It is the pendency of two suits for the same cause, their existence *simul et semel*, the law deems vexatious and discountenances. However meritorious may be the cause of action, it must not be employed for the purpose of oppression; and when a defendant is twice impleaded by the same plaintiff, for the same thing, the oppression and vexation is not matter of fact; it is a conclusion of law, and is not dependent upon an inquiry into the actual circumstances of the two cases.—*Parker v. Colcord*, 2 N. H. 36; *Com. v. Churchill*, 5 Mass. 174; *Beach v. Norton*, 8 Conn. 74; *Frogg v. Long*, 3 Dana, 157; *Gamsby v. Ray*, 52

[Foster v. Napier.]

N. H. 513. The plea of the pendency of a prior action for the same cause, between the same parties, stands upon like principles, and is supported by like evidence, as a plea of a former recovery. The two pleas have not the same, but a like office; the difference is, that the one is interposed because of the pendency of the first action, the other after its termination; the one is in abatement of the second suit, the other in bar, to defeat it absolutely. The plea is not, therefore, available, unless the judgment which could be rendered in the prior action would be conclusive between the parties, and operate as a bar to the second.—*Rood v. Eslava*, 17 Ala. 430; *Newell v. Newton*, 10 Pick. 470.

The first suit was, like the second, an action on the case for a malicious prosecution of the plaintiff for a criminal offense; the same offense in each complaint is averred or described as the subject of the prosecution, and in each the prosecution is averred to have been commenced on the same day, before the same justice of the peace, and in each a termination of the prosecution, by the discharge or acquittal of the plaintiff, is averred. The difference in the averments of the two complaints is, that two of the counts of the second complaint aver that the prosecution was commenced before a justice of the peace, continued in the circuit court, and there terminated in an acquittal. And in another count, there is an omission of all reference to the proceedings before the justice of the peace, and an averment only of the prosecution by indictment in the circuit court, and its termination.

It is apparent that both suits grew out of the same transaction; that the same tort, or wrongful act constitutes the substantial cause of action in each suit. According to the averments of the several complaints, the tort was complete, and there was the concurrence of every fact essential to the maintenance of the action. An action for malicious prosecution can be maintained only when three facts or things co-exist. 1. The prosecution must have been ended. 2. The termination must have been an acquittal, or discharge of the plaintiff. 3. The charge must be proved to have been made through malice, and without reasonable or probable cause to believe it true. The concurrence of these facts the complaint in each action avers. But it is insisted that, upon an inspection and comparison of the records, it appears from the averments of the complaint in the second action, that the averment of the termination of the prosecution made in the first action is untrue in point of fact; that the prosecution was not ended, the cause of action had not accrued, and of consequence that action was premature, would have proved ineffectual, and is not pleadable in abatement of the second suit.

The proposition proceeds upon the hypothesis, that the defendant would make defense to the first suit, and that the defense would not be on the merits, but would be rested on the ground of its premature commencement. If he had not made defense, or if he had not taken special objection, that the suit was prematurely commenced, a judgment against him would not have been reversible on error. A judgment in an action prematurely commenced, even when the fact is apparent on the face of the complaint, if objection is not taken in the primary court, is not reversible on error.—*Mahoney v. O'Leary*, 34 Ala. 97. And in an action for malicious prosecution, an insufficient averment of the termination of the prosecution, or an omission to aver the fact, if not objected to by demurrer, is cured by verdict. *Skinner v. Gunton*, 1 Saunders, 228; *Cotton v. Wilson*, Minor, 203. The falsity of the averment of the termination of the prosecution made in the first action could have been shown only by extrinsic evidence. It was matter of defense; there was the necessity for defense, unless the defendant was willing to submit to two judgments for the same wrong. The necessity was imposed by the act of the plaintiff; and the necessity is the oppression and vexation, against which the law intends to guard and protect the defendant. If the fact be, that the first suit was prematurely commenced, that was a reason for its discontinuance or dismissal. It is not a reason for multiplying suits against the defendant for the same wrong; the deficiencies of the first were not corrected by the second suit; and if it be defective, it is the fault of the plaintiff, not of the defendant. If the second suit should for any cause be found defective, and for that reason, if defended, would prove ineffectual, a third could be brought, and suits multiplied *in infinitum*. The grievousness of the oppression would be more apparent, if successive attachments were issued against the estate of the defendant, each issued because of defects, real or imaginary, in its predecessors. The estate would be burdened with several levies, and the defendant driven to the defense of suits, which, if not unnecessary, were rendered necessary only by the fault of the plaintiff. The oppression differs only in degree, not in character, when the suits are commenced by summons, personally served.

There are authorities, to some of which we have been referred by the counsel for the appellee, holding that a prior suit which can not be made effective and available, is not pleadable in abatement of a second suit for the same cause. The doctrine is inconsistent with the English authorities, seems to have originated in the courts of Connecticut, and has been adopted by the courts of several States. The authorities were thoroughly considered, and the question ably discussed by the Supreme

[Foster v. Napier.]

Court of New Hampshire in *Gamsby v. Ray*, 52 N. H. 513, and the doctrine repudiated. If it be admitted, and it must be, that the principle is founded upon the policy of discouraging a multiplicity of suits—of protecting the defendant from oppression, from the grievance of double vexation for the same cause or thing, there can be no inquiry, whether the prior suit is capable of being prosecuted by the plaintiff to a successful issue, if it is resisted by the defendant. Unless the suit is commenced in a court without jurisdiction, or the process upon which the validity of the proceedings depends, is upon its face void, the defendant is compelled into double litigation, and into the peril of double judgment. "A series of suits, pending at one time for one cause," say the Supreme Court of New Hampshire, "ineffectual so far as giving the plaintiff judgment is concerned, may be an effectual persecution of the defendant; and permitting the defendant to be harassed by such suits and the maintenance of the last one, would encourage and cultivate a want of due care in making the first one effectual." Whether the prior suit is capable of being made effectual, is, in the second suit, a collateral, incidental inquiry; however it may be then decided, the defendant is not by its decision relieved of its burdens; there is a continuing necessity that he should remain before the court, prepared to make defense against it. These are, in our judgment, the evils against which the principle is directed. There can be no necessity for the institution or the pendency of two suits for the same matter at the same time. The security of the plaintiff can not require it. If the prior suit is defective, and must prove ineffectual, the statute authorizes its dismissal in vacation.—Code of 1876, § 3025. And it is far better that the plaintiff should be required to enter the dismissal, than that he should be permitted to keep it alive, though confessing that finally it must prove ineffectual.

The next contention is, that the second suit is for the prosecution in the circuit court, not for the prosecution before the justice, which must be regarded as the cause of action, or the matter of the first suit. The proceedings before the justice were only initiatory of the prosecution; they were but the first step in the course of the proceedings, which make up the prosecution. True, if there had been a discharge of the plaintiff by the justice, and no indictment subsequently preferred, the discharge would have been a termination of the prosecution, entitling the plaintiff to sue, if the prosecution was malicious and without probable cause.—1 Am. Lead. Cases, 277. An indictment was subsequently preferred—it was but a continuation of the prosecution commenced before the justice—it was not a new or distinct prosecution. As causes of action, torts are as indivisible as contracts. It is not permissible to separate

them into parts, bringing one action for one part, and another action for another part.—*O'Neal v. Brown*, 21 Ala. 482; *Crips v. Talvande*, 4 McCord, 19; *Sheldon v. Carpenter*, 4 Coms. 578. And if a plaintiff should sue but for a part, the judgment operates as a merger of the right of recovery for the tort in its entirety.—Freeman on Judgments, § 241. A judgment rendered in the first suit on the merits would have operated a bar to the second, in any aspect of this case. For there was but one, indivisible cause of action; but one tort, for the commission of which there could be but one recovery of damages.

The result is, the circuit court erred in not overruling the demurrer to the pleas, and in not rendering judgment on the replication of *nul tiel record*, abating the action. As this result is decisive of the case, it is not necessary to consider the other questions raised by the assignments of error.

Reversed and remanded.