VALLEY BANK OF CLARINDA, Appellant, v. SHENANDOAH NATIONAL BANK.

**Statute of Limitations :** INTERVENTION : *Judgment.* Where one in possession of property as belonging to a third person intervenes in the suit, claiming to own the property, but gives a delivery

bond conditioned to deliver it twenty days after judgment against the defendant, the statute of limitations will begin to run upon the bond and in favor of his possession twenty days after the judgment, and not upon the determination of his intervention claim, though the intervention is not disposed of and though the judgment did not order the condemnation of the attached property.

SAME.    The intervention does not suspend the bar of limitations on the right to sue on the bond.

DELIVERY BOND:    *Presumptions.*    Where one claiming attached property executed a delivery bond, and receipted for the property to the officer, the presumption is he retained it under his bond, and not as custodian or receiptor at common law,

*Appeal from Page District Court.*—HON. WALTER I. SMITH, Judge.

SATURDAY, MAY 27, 1899.

ACTION was begun by the plaintiff against H. S. Wolff, November 16, 1882, and on the same day a writ of attachment sued out, and levied on a large amount of personal property in the possession of the defendant.    It thereupon intervened under section 3016 of the Code of 1873, claiming ownership thereof, and thereafter executed a delivery bond by virtue of section 2996.    Judgment was entered against Wolff, May 16, 1883, but the issues joined on the petition of intervention were not tried and determined until July 12, 1895, and then the judgment simply confirmed the lien of attachment, and dismissed the petition of intervention with prejudice.    No judgment was entered for the value of the property.    In 1897 this action was begun by the plaintiff demanding recovery on the delivery bond in the first count of the petition, and in the second count on the ground that the defendant was the custodian of the property, and as such converted it.    The defendant pleaded as a bar to recovery the statute of limitations.    Judgment for the defendant, and the plaintiff appeals.—*Affirmed.*

*Parslow & Scott, W. P. Ferguson,* and *Harl & McCabe* for appellant.

*C. S. Keenan, T. E. Clark,* and *Spurrier & Maxwell* for appellee.

LADD, J.—The issues joined on the defendant's petition of intervention were not determined in plaintiff's favor until July 12, 1895, more than twelve years after it had obtained judgment against Wolff, the defendant in the original action. Even then no more was settled than that the defendant had no claim to the property. That was all that could be adjudicated in such a proceeding. *Bank v. Wolf,* 101 Iowa, 51. The defendant, however, had executed a delivery bond for the identical property in which it was adjudged to have no interest. This suit on that bond was begun in 1897, and the important question to determine is, when did the right of action thereon accrue,—within twenty days after the judgment for the debt was entered against Wolf, which included, or might have included, an order as against him condemning the attached property to its satisfaction, or when the judgment was entered disallowing the intervener's claim thereto? If at the time of the original judgment, the action is barred by the statute of limitation; if when the issue raised by the petition of intervention were decided, it may be maintained. Whether any order was entered with reference to the sale of the chattels at the time judgment was rendered against Wolff we need not inquire, as the action was not continued as against him; that judgment being final, and the adjudication of July 12, 1895, based solely on the controversy between the plaintiff and the intervener. The bond, in the words of the statute, was "conditioned that such property or its appraised value shall be delivered to the sheriff, to satisfy any judgment which may be obtained against the defendant in that suit, within twenty days after the rendition thereof." Code, section 3909. Thus in unmistakable terms the duty to deliver devolved upon the obligor within twenty days after judgment was rendered against defendant in the original action. Even if there was no order for condemnation of the attached property, the

action on the bond may then be maintained. *Lumber Co. v. Raymond,* 76 Iowa, 226. There may be reasons for not turning over the attached property in all cases at the time required, and it may sometimes be proper to await the determination of the intervener's claim. If, however, the litigation is carried on without unnecessary delay, there will still be ample time, within the period of limitation, for a creditor to assert his rights in an action on the delivery bond. But, if this be not true, he may, contrary to the appellant's contention, maintain such an action notwithstanding proceedings in intervention wherein claim is made to the same property by the obligor. The relief is not necessarily the same. The plaintiff can have no affirmative relief in the intervention and the intervener, if the obligor, may still contest recovery on the bond on the ground that the property belonged to another. Code, section 3909. While there is an essential difference between the plea in bar and that in abatement, yet one of the recognized tests in determining whether the plea of another action pending is good lies in ascertaining whether a judgment, when obtained, would necessarily be *res adjudicata* of the issues of the action wherein the plea is interposed. *Railway Co. v. Heard,* 44 Iowa, 358; *Watson v. Jones,* 80 U. S. 679; *Foster v. Napier,* 73 Ala. 595; *Bischoff v. Theuerer,* 8 La. Ann. 15; *Streater v. Rickets,* 2 Kulp, 529; *Smith v. Moore,* 79 N. C. 82; *Certain Logs of Mahogany,* 2 Sumn. 589, Fed. Cas. No. 2,559; *Mandeville v. Avery,* 124 N. Y. 376, 21 Am. St. 678 (26 N. E. Rep. 951). See *Walsworth v. Johnson,* 41 Cal. 61. The judgment in the former action might have been, but was not *res adjudicata* as to the action on the bond. The issues were not the same, and the relief sought different. Nor did the proceedings in intervention suspend the running of the statute of limitations on the right to sue on the bond. *Garrett v. Bicklin,* 78 Iowa, 115.

It is suggested that an action in rem might be defeated by intervention and the execution of the bond under our

holding.   But the writ of attachment is not dissolved in such a case.   *Allerton v. Eldridge,* 56 Iowa, 709; *Tuttle v. Wheaton,* 57 Iowa, 304.   The attached property may be condemned to the satisfaction of the debt as against the debtor and the rights of other claimants subsequently determined. The vice in the appellant's argument is in assuming that no order, if one be essential, may be made affecting the attached property until all the adverse claims by intervention proceedings have been adjudicated.   The order of sequestration, so far as the debtor is concerned, should be entered at the time of the judgment; and the obligation imposed in the bond is to deliver property belonging to him, and not to another, and we think that that obligation is absolute after the lapse of twenty days from rendering such judgment.   *Waynant v. Dodson,* 12 Iowa, 22.

With reference to the contention that the defendant is liable as a receiptor at the common law, we have to say the evidence fails to show that it receipted for the property to the sheriff, or retained it by virtue of any contract save the delivery bond, which has been adjudged valid; and, in the absence of any showing to the contrary, the defendant will be presumed to have retained the property by reason of its execution.—AFFIRMED.