H. A. RUSSELL, Appellee, v. E. G. DILLEY et al., Appellants.

EXEMPTIONS: Forfeiture—"Starting to Leave State"—Unexecuted Intention. An intention or plan to leave the state at some definite or indefinite time in the future is not sufficient, in itself, to expose a debtor's exempt property to seizure, such not constituting a "starting to leave the state," within the meaning of Section 4014, Code, 1897.

EXEMPTIONS: Forfeiture—Non-Residence—Evidence. Evidence reviewed, and held to justify the jury in finding that defendant was not a non-resident, and was, consequently, entitled to his exemptions.

EXEMPTIONS: Enforcement of Right—Independent Action for Recovery—Abatement. One deprived of his exempt property by attachment levy, may maintain an independent action against the attaching plaintiff and the officer making the levy, to recover the property and for damages, *even though at the time there is pending in the attachment proceeding a motion to discharge the attachment.*

PARTIES: Defendants—Officer in Attachment. A defendant against whom a personal judgment *may* be rendered cannot be considered a nominal party. So held where the sheriff, who had levied on

property alleged to be exempt, was made a party defendant in an action to recover the property and damages thereto.

PLEADING: Admissions—Effect.  A litigant may not deny the existence of a fact clearly admitted by him in his pleading.

ATTACHMENT: Wrongful   Attachment—Damages—Instructions. Instruction reviewed, and held to properly limit the damages for wrongful attachment to such as were caused by the acts or negligence of the defendants.

APPEAL AND ERROR: Review, Scope of—Moot Question.  The court will not, on appeal, review an action of the trial court concerning which no question has yet arisen.  So held where, in an action for damages for wrongful attachment, the court added to the judgment obtained by plaintiff a provision ''that the same should be exempt from execution.''

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

TUESDAY, SEPTEMBER 26, 1916.

ACTION at law to recover damages for wrongful levy of attachment upon property exempt from execution.  Verdict and judgment for plaintiff, and defendants appeal.—*Affirmed.*

*F. H. Rice* and *O. D. Nickle,* for appellants.

*Pendleton & Wakefield,* for appellee.

WEAVER, J.—The defendant Anderson, having an unpaid claim against the plaintiff Russell for merchandise sold and delivered, brought suit thereon, and, in aid of such action, caused a writ of attachment to be issued and levied upon a team of horses, wagon and harness owned by Russell.  Appearing in that action, Russell moved for the discharge of the levy, on the ground that the property attached was exempt from execution.  Later, while this motion was pending and undetermined, Russell brought this independent action to recover possession of the property, together with damages for the

alleged wrongful levy, for the value of the use of the property and for injury alleged to have been occasioned thereto during its detention under the writ. The defendant Anderson and his co-defendant, the sheriff, claiming under the levy, deny that the attachment was wrongful and deny the exempt character of the property, and, by way of abatement, plead the pendency of the original action. The issues were tried to a jury and verdict returned for the plaintiff, and, from the judgment entered thereon, this appeal has been taken.

I. It is argued that the trial court erred in refusing defendants' motion to direct a verdict in their favor, as well as in overruling their motion for a new trial, on the ground that the evidence conclusively shows that the property was not exempt from execution. Neither of these propositions can be sustained. Russell was a farmer by occupation, and his team, wagon and harness were clearly exempt, unless it can be said, as claimed by counsel, that at the time of the levy he had become a nonresident of this state, or that he had at that time started to leave the state. Neither of these alleged facts is conclusively shown. Russell had occupied and worked a leased farm in Woodbury County for the preceding year, his term expiring on March 4, 1914. On March 5, 1914, when the levy was made, he was still on the farm, but was preparing to remove for a time to the town of Morningside in the same county. In the fall of 1913, he visited the state of Montana, where he instituted a contest of a homestead entry which had been made by a third person: He returned to his home in Iowa in September, 1913, where he remained until after the beginning of the attachment suit. Pending these proceedings, he died in Woodbury County, and his widow has been substituted as his representative. It is true that he planned a future removal to Montana, in case the contest upon the homestead entry was decided in his favor. About the time when the original action was begun, he received advice that the contest had resulted favorably, and that it would be neces-

1. EXEMPTIONS: forfeiture: "starting to leave state:" unexecuted intention.

sary for him to appear in Montana in person to execute and file the papers to perfect his own entry. He sold off his property, except his team, wagon and harness and certain household effects, and, when the levy was made, he was on the road to Morningside, as above mentioned, for the purpose of renting a temporary home for his family. Pending the attachment proceedings, he went to Montana, where he made a homestead entry. He returned to Iowa once or twice during the summer, and died there. He never moved his family from Iowa, and, so far as shown, never established a home or residence on the land entered by him.

The rights of the parties are to be measured by their status on the date of the attachment, and it is very clear from the record, or, to say the least, the record would justify a finding by the jury, that Russell was not at 2. EXEMPTIONS: forfeiture: non-residence: evidence. that time a nonresident, and that he had not then, within the meaning of our statute, "started to leave the state." A mere intent to leave the state at some definite or indefinite time in the future is not, in our judgment, sufficient in itself to expose the debtor's exempt property to seizure. He may abandon such tentative purpose, or may change his mind, or some unlooked-for event may render his removal inadvisable or impossible. See *Tubbs v. Garrison*, 68 Iowa 44. In this case, the mere act of leaving his family in Iowa while he went to Montana to make a homestead entry does not, as a matter of law, constitute a change of residence. Having made the entry, he was under no obligation of law or morals to perfect it. He had, as is conceded by counsel, six months in which to assume possession—a right which it is not shown he ever exercised—and there is no apparent reason why he could not retain his rights and exemptions as a resident of Iowa until such time as he should take up his residence elsewhere, or had started to leave the state with intention to abandon his Iowa residence. As we have already said, the jury could well find from the evidence that plaintiff was not a nonresident, and had not, in

fact, started to leave the state. The verdict upon that proposition is, therefore, conclusive upon the parties, unless other sufficient reasons be found for ordering a new trial.

II.   Counsel further contend that the plea in abatement should have been sustained. It may be admitted, without now so deciding, that a decision of the motion in the original action to release the exempt property would have

**3. EXEMPTIONS: enforcement of right: independent action for recovery: abatement.**  operated as a decision of that specific question as between the parties to that proceeding, but such concession does not necessarily call for an abatement of the present action.

The parties to this action are not identical with those to the original action. The relief sought in this petition is not identical with that sought in the motion made in the original action. The plaintiff herein was not required to set up his alleged rights by way of counterclaim, but could properly bring a separate action against both the attachment plaintiff and the sheriff, or either of them, for a recovery of the property and for damages. *Osborn v. Cloud*, 23 Iowa 104, 108. Again, in this case, the plaintiff claims not only to recover the property itself, but also for damage and injury to the property by reason of its improper or wrongful usage by defendants while held under the writ—an item upon which no recovery could have been had in his favor under the pleadings or record in the original case. The right to recover damages of this character does not necessarily depend upon a finding that the property was exempt, and an order overruling the motion to release the levy would not be an adjudication of such claim. Obviously, the case presented by the petition does bring it within the rule cited by appellant from *Valley Bank v. Shenandoah Nat. Bank*, 109 Iowa 43, 46. The question of the exempt character of the property and the amount of plaintiff's damages, if any, was one upon which plaintiff would ordinarily be entitled to have the verdict of a jury, and, unless the plea in abatement is very clearly well taken, the right to such trial and verdict should not be denied.

It is not correct to say that the sheriff is only a nominal party to this action. If the statements of the petition be true, plaintiff may rightfully secure personal judgment against the officer. There was no error in this respect in the ruling of the trial court.

4. PARTIES: defendants: officer in attachment.

III. It is next asserted that it clearly appears that there was no levy upon the plaintiff's wagon. This is based upon the testimony of some of the witnesses that the wagon was not moved by the sheriff, but left in the place where it was found. But the pleadings themselves make a sufficient case for the jury in this respect. Plaintiff's petition alleges a seizure of the wagon, as well as of the horses and harness, and in answer thereto, the defendants "admit that plaintiff was the owner of the property set forth in the petition" and "admit that said property was attached and held under such attachment, as set forth in the petition." This admission does not appear to have been withdrawn, and it is not open for defendant to deny such fact in argument.

5. PLEADING: admissions: effect.

IV. Complaint is made that the court did not limit the right to recover damages for depreciation in the value of the property to such as were caused by the act or neglect of the defendants. Assuming, for the purposes of this case only, that the rule contended for by appellants is the law, the instruction given by the court to the jury is not open to the criticism made upon it. While the court did say that, if entitled to recover, plaintiff could recover for the depreciation, if any, in the value of the property while held under the writ, the jury was, by the terms of the same paragraph, told that, in estimating such damages, it was limited to the consideration of evidence as to "depreciation or loss of value caused by reason of the *improper use or management* of said property while in the possession of the defendants or either of them."

6. ATTACHMENT: wrongful attachment: damages: instructions.

There is no error in the instruction, to the defendants' prejudice.

V. The court, in entering judgment upon the verdict, added thereto the following provision: "and that the judgment shall be exempt from execution." Upon this order, error is assigned by appellants. Counsel complain that such entry was unauthorized. Whether it was or was not a proper entry in no manner affects the validity of the recovery in plaintiff's favor, and we cannot attempt to determine in advance its effect upon controversies which have not arisen and are in no manner presented by the record before us.

7. APPEAL AND ER-
ROR: review,
scope of: moot
question.

We find no reason for disturbing the judgment below, and it is, therefore—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.