Lee, J.
The money sought to be recovered in this case was the property of the plaintiff’s testator in the form of bank notes, and was handed to defendant, (his wife,) a short time before his death,, for safe-keeping until he should be better, when as he said, he would arrange it for the bank. It remained in her possession during his life, and at his death, which took place a few days after, it was still his property. She made no claim to it as hprs, during his life, nor, so far as appears, did she dispose of any part of it to her own use 'or that of her husband. After his death the plaintiff, though before *232 he had qualified as executor under the will of his testator, called oil the defendant for the money, but- she re-fr18*3^to surrender it, saying that she intended to keep it.
Kowas this money was part of the assets of the estate of the testator, it is clear that the plaintiff is entitled to recover it in some form of action, and in some character either individual or representative.
But it is said that if the plaintiff he entitled to recover,, he cannot do go in this action, hut should have declared on the special case-, or in trover and conversion.
I do not think the plaintiff was- bound to declare specially. The action of indebitatus assumpsit for money had and' received will lie whenever one has the money of another which he has no right to retain, but which ex cequo et bono, he should pay over to that other: This action has of late yearn been greatly extended, because founded on principles of justice ; and it now embraces all cases in which the plaintiff has equity and conscience on his side, and the defendant is bound by ties of natural justice and equity to- refund the money. In s-ueh a case, no express promise need be proved, because from sucli relation between the parties the law will imply a debt and give this action founded on the equity of the plaintiff’s case, as it were upon a contract, quasi ex eontraetu as the Homan law expresses it, and upon this debt founds- the requisite undertaking to pay. Moses v. Macfarlan, 2 Burr. R. 1005, 1008, 1012; Per Butler J., Straton v. Rastall, 2 T. R. 366, 370.
Here this money was part of the assets of the plaintiff’s testator, and it was the duty of the defendant ex ceqv,o> et bono, to pay it o-ver to the plaintiff.
Kor do I think the plaintiff was bound to declare in trover and conversion. The money handed to the defendant by the testator was in bank n-otes, and if it be-conceded that upon the refusal of the defendant to- deliver the same to the plaintiff, trover might be-maintained *233 as for a tort, it by no means follows that assumpsit could not be brought. There are many cases in which a party aggrieved who has a clear remedy by action as for a tort, may waive the tort and sue in assumpsit. Thus an action against a common carrier is for a tort and supposed crime, but asszwipsit will lie for the same cause. Per Lord Mansfield, Hambly v. Trott, Cowp. R. 371, 375.— So if a man takes a horse from another, and brings him back again, an. action of trespass may be brought, but the owner may bring assumpsit for the use and hire of the horse. Ibid. If a bankrupt, on the evé of his bankruptcy, fraudulently deliver goods to one of his creditors, the assignees may recover the goods in trover, or waive the tort and bring assumpsit. Smith, &c., v. Hodson, 4 T. R 211. If a stranger takes my goods and delivers them to another a contract may be implied, and I may bring an action of trover for them or of assumpsit to recover their value. Per Lord Abinger, Bassell v. Bell, 10 Mees. & Welsh. 350. In this case it was decided that the assignees of a bankrupt who after the bankruptcy had delivered goods to the defendant to meet an accommodation bill which they were about to give the bankrupt, might waive the tort and sue in assumpsit. So a master whose apprentice has left him and entered into the service of another, who persuades him to remain with him after he had found out who he was and from what shop he had deserted, may waive the tort and bring assumpsit against the defendant for the work and labor of the apprentice. Foster v. Stewart, 3 Maule & Selw. 191. See also Curtis v. Bridges, Comb. R. 450; Eades v. Vandeput, 5 Easts R. 39; Lightly v. Clowston, 1 Taunt, R. 112. So if a man take the goods of another aiid sell them, the owner may waive the trespass and sue him for money had and received. Gilmore v. Wilbur, 12 Pick. R. 120; Foster v. Stewart, 3 Maule & Selw. 191. See also Jones v. Hoar, 5 Pick. R. 285.— *234 Other illustrations may be derived from the cases, but I will not stop to give them. I think that in no case could ex6rcise of the right to elect between an action in tort and assumpsit be more appropriate than in this.— The bank notes were received and treated by the testator as money, and as such were received and retained by the defendant, and though trover might lie to recover the notes, the law will imply a promise to pay the amount to. the plaintiff.
It is said however that the plaintiff can only recover in his character of executor, and that here he has” not declared as executor but in his individual character.
The cause of action here accrued after the death of the testator. He had and could have, no cause of action against his wife, but her. retention of the money gave to the plaintiff an action to recover it as part of the assets of the estate of his testator. And although the demand by the plaintiff was before his qualification as executor, yet the refusal to pay was not upon that ground but because she intended to keep the money as her own; and as she continued to keep it until after the plaintiff’s qualification as executor, his right to sue accrued immediately upon his qualification. How where, an executor sues in respect of a cause of action which accrued in' the lifetime of the deceased, he must declare in his representative character. But where the cause of action accrued after the death of the testator, if the money recovered will be assets, the executor may declare in his representative character or in his own name. Mowry v. Adams, 14 Mass. R. 327; Kane v. Paul, 14 Pet. R. 33. But if necessary, the declaration may, I think, in support of the justice of the case, be considered as a declaration in the plaintiff’s character as execxitor. The Circuit court so thought, for the judgment for costs against the plaintiff directed them to be levied of the assets of his testator. The plaintiff declared as executor *235 of John Lawson, and the other allegations referring to him may reasonably be considered as referring to him in his character of executor; and upon the demurrer to evidence, I think, they should be so considered.
1 think the Circuit court erred in rendering judgment for the defendant, instead of for the plaintiff upon the demurrer to evidence, and the same should be reversed and judgment now rendered for-the plaintiff.
The other judges concurred in the opinion of Lee J.
Judgment reversed; and entered for the plaintiff.