# Napier *v.* Foster.

*Action on the Case for Malicious Prosecution.*

1. *Statute of limitations; new action commenced within twelve months after reversal of former judgment.*—By express statutory provision (Code, § 3235), a new action may be commenced within twelve months after the reversal of a judgment in a former action, notwithstanding the lapse of time otherwise sufficient to effect a bar; and if the statute of limitations is pleaded to the new action, a replication setting up the former action, reversal, &c., is sufficient.

2. *Same; when former action was vexatious, or instituted during pendency of another.*—This statute is remedial, and must be liberally construed; and though the former action was instituted while another was pending on the same cause of action, and was characterized by this court as vexatious and oppressive, notwithstanding the premature commencement of the first, this does not avoid the replication, nor take the case out of the statutory exception.

3. *Construction of statute as to cases within letter, but not within spirit.* There are cases which require the courts to disregard the letter of a statute, when manifestly opposed to its spirit; but, to justify this, there must be a moral conviction, based on the unreasonableness of the application sought to be made, that the legislature could not have intended such result, and it is not enough that the statute appears to be not promotive of the best interests of society or individuals.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

J. T. NORMAN, for appellant.

WATTS & SON, *contra.*

STONE, C. J.—This suit is an action on the case for a malicious prosecution. The defendant pleaded in bar the statute of limitations of one year.—Code of 1876, § 3231. To this plea the plaintiff replied that he had instituted a suit against the defendant on the same cause of action within a year after the accrual of the same, that he had prosecuted said suit to a judgment, that judgment was rendered in his favor, that such judgment was reversed on appeal to this, the Supreme Court, and that within one year from the reversal of such judgment

the present action was commenced.—Code, § 3235. The defendant filed a rejoinder, in which he set up that plaintiff had instituted two suits against him on the same cause of action as that on which the present suit is founded; the first in April, 1881, and the second in August, 1881. Each of these suits was within the year after the accrual of the cause of action. In the second of these suits the recovery was had, which was reversed in this court. The second of these suits was instituted while the first was pending. The defendant, Foster, pleaded the pendency of the first suit in abatement of the second, and the plaintiff demurred to the plea. Plaintiff afterwards dismissed his first suit; and subsequently the Circuit Court sustained a demurrer to the plea in abatement. A trial of the second suit was then had, and the recovery in that suit was the one which this court reversed.—*Foster v. Napier,* 73 Ala. 595. The foregoing facts constitute the substance of the rejoinder in this cause. The plaintiff demurred to this rejoinder, which being overruled, he declined to take issue, and judgment was rendered for the defendant. The ruling on the demurrer is the sole question presented by this appeal.

For appellant it is contended that this case falls directly within the healing influence of § 3235 of the Code of 1876. This we think must be admitted, so far as the letter of the statute is concerned. Every one of the conditions required by the statute is shown to be present in this case. Suit commenced in less than twelve months after the cause of action accrued, recovery and judgment in favor of the plaintiff, reversal of that judgment in this court, and the present suit instituted in less than twelve months after such reversal. The replication was a complete avoidance of the plea, and a demurrer to it would have been overruled. No question is here made on its sufficiency.

It is contended for appellee, however, that the suit in which a recovery and reversal were had, was itself a second suit between the same parties on the same cause of action, brought oppressively and vexatiously while the former one was pending; and it can not be supposed the legislature intended the statute should reach such a case as this. The argument is that the present case is not within the spirit of the enactment. There are cases which require us to disregard the letter of a statute, when they are manifestly opposed to its spirit. It should be a clear case, however, to justify the application of this rule. Conviction that a statute is not promotive of the best interests of society, or of individuals, is not enough. There must be a moral conviction, based on the unreasonableness of the application sought to be made, that the legislature could not have intended such result. Does that appear in the case presented

in this record? Is it not manifest that the statute was intended to relieve parties of the consequences of some error, mistake, or oversight, in bringing or prosecuting the first suit? If no oversight or mistake had been committed in the first suit, it would seem there could be no occasion for the statute; for after reversal, the error could be avoided or corrected on a second trial. It is only in cases where the error, mistake or oversight is fatal to the right to maintain the action in the form in which it is first brought, that it can ever become necessary to invoke the provisions of the statute. In the case of *Givens v. Robbins*, 11 Ala. 156, a mistake had been committed much grosser than the one fallen into in this case. The mistake in that case operated a discontinuance of the entire action. Yet it was held the statute was a complete answer to the statute of limitations, which had otherwise perfected a bar. In that case, and other later rulings, this court is fully committed to the doctrine that the statute we are considering is remedial, and must be liberally construed.—*Hill v. Huckabee*, 70 Ala. 183.

The argument most earnestly urged in favor of the sufficiency of the rejoinder is, that the second suit brought in this case was oppressive and vexatious—so characterized by this court—and that the legislature can not be supposed to have intended to confer a right to sue, based on an act which is vexatious and oppressive.—*Foster v. Napier*, 73 Ala. 595, is invoked as affirming that the second suit between these parties on this identical cause of action was oppressive and vexatious. The argument misapprehends, to some extent, the purpose this court had in view in the employment of the language relied on. It was not intended to characterize the second suit as oppressive in fact. We said it was not an inquiry of fact, but a conclusion of law. We were simply stating the reason why a second suit can not be brought between the same parties on the same cause of action, while a former one is pending, in which the same issues can be tried. A second suit in such conditions is unnecessary, and the law denounces as oppressive such double vexation. Carrying the argument to its extreme length, it will condemn the statute—Code, § 3235—as an unwise enactment; for in its very purposes and terms it provides for bringing a second suit, after one has already been brought and prosecuted, to test the same disputed question of right. This is, itself, double vexation.

The bar the statute of limitations erects is against the inert and dilatory. It proceeds on the theory that one having a meritorious claim will assert it within a reasonable time; and the varied provisions of the statutes are but the expression of the legislative judgment as to what is a reasonable time for in-

[Motes v. Bates.]

stituting the several forms of action. For bringing actions like the present one, which sounds in damages merely, the limitation is a short one. But, experience soon disclosed that meritorious suits were sometimes brought and prosecuted to judgment, which, through some mistake or oversight, or erroneous ruling of the trial court, were subject to be, and were arrested or reversed, on some point which could not be remedied on another trial. The action, as brought, must fail. In the meantime the statute of limitations, if time be computed from the accrual of the cause of action, had perfected a bar. The plaintiff had not been inert, had not been dilatory. Without some remedial legislation a righteous cause of action is lost to the plaintiff, through no dilatoriness on his part. Cases of this kind doubtless dictated the legislation, which has expression in § 3235 of the Code of 1876.—*Givens v. Robbins*, 11 Ala. 156. The saving, remedial benefit it secures, was not intended for cases in which no errors or mistakes occur. They have no need for such statute. It was intended for just such case as we have in hand. The Circuit Court erred in overruling the demurrer to the defendant's rejoinder.

Reversed and remanded.