CARROLL v. ALABAMA G. S. R. CO.[1]

(Circuit Court, N. D. Alabama, S. D.   November 11, 1893.)

1. LIMITATION OF ACTIONS—EXCEPTIONS—REVERSAL OF JUDGMENT.
Code Ala. §,2623, providing that, in case of the reversal of a judgment on appeal, the action may be commenced again within one year, though the period limited may in the mean time have expired, was intended to relieve parties from the consequences of some error, mistake, or oversight in bringing or prosecuting the action, and applies only where the judgment of reversal is fatal to plaintiff's right to maintain the action in the form in which it was first brought.

2. SAME—EFFECT OF REVERSAL.
It does not appear that the effect of a reversal was to prevent plaintiff from recovering where the court on appeal held that plaintiff could not recover in the case made on the record, and that the lower court erred in not so instructing the jury, and such a case is not within the statute.

At Law.   On demurrer to rejoinder.

This suit is an action for personal injuries. Among other defenses set up by the defendant is that of the statute of limitations. It is pleaded that the cause of action accrued more than one year before this suit was brought. The plaintiff replies that it is true that the cause of action accrued more than one year before this suit was brought, but that he had sued on the same cause of action in the city court of Birmingham within one year after the cause of action accrued; that he recovered a judgment in said suit; that the judgment was appealed from by the defendant, and on such appeal the supreme court of the state reversed and remanded the cause to the said city court (11 South. 803); and that afterwards, and before the expiration of one year from such reversal, the plaintiff brought this suit. To this replication the defendant rejoins, and says it is true that the judgment rendered in the city court for the plaintiff was reversed and remanded by the supreme court to said city court, but that said reversal was not for any error, mistake, or oversight of the plaintiff in bringing or prosecuting the suit, nor for any defect of form therein, but was reversed on the 'merits of the case, as shown by the record before the supreme court; that, after said cause was reversed and remanded, the plaintiff, of his own motion, appeared in said city court, and voluntarily dismissed the cause out of said court; and defendant therefore claims the plaintiff, in this suit, does not come within

[1] Reported by Peter J. Hamilton, Esq., of the Mobile, Ala., bar.

the exception to the bar of the statute of limitations, as provided by section 2623 of the Code of Alabama, which reads as follows: "2623. On Arrest or Reversal of Judgment, Suit Brought within a Year. If any action is brought before the time limited has expired and judgment is rendered for the plaintiff, and such judgment is arrested or reversed on appeal, the plaintiff or his legal representative may commence suit again within one year from the reversal or arrest of such judgment, though the period limited may in the meantime have expired; and, in like manner, if more than one judgment is arrested or reversed, suit may be recommenced within one year." To this rejoinder the plaintiff demurs, and in substance says that it does not appear from any of the averments of the rejoinder that the plaintiff should not have and maintain his present action.

Brooks & Brooks, F. S. Ferguson, and S. W. John, for plaintiff.
A. G. Smith, J. W. Fewell, and Geo. Hoadley, for defendant.

TOULMIN, District Judge (after stating the facts as above). The statute of limitations is no bar to this suit if the plaintiff brings himself within the exception of section 2623 of the Alabama Code, referred to; but, if his case does not come within the operation of that section, it is conceded, as I understand it, that he cannot maintain this action; that the statute of limitations of one year is a bar to it. To determine this question, which is the one raised by the pleadings now presented to the court, we must consider what the object of the legislature was in enacting the statute referred to, —what cases it was intended to apply to. In Roland v. Logan, 18 Ala. 307, the supreme court says:

"If a judgment be rendered against a plaintiff for a defect of form, not touching the merits, he would be without remedy if the statute perfected the bar during the pendency of the first suit. To remedy this defect, the act referred to was passed. It contemplated the bringing of another suit within a year after a judgment in a suit at law for the same cause of action had been rendered against the plaintiff, but not upon its merits."

It may be that this declaration of the court was unnecessary in the case then before it; that there was nothing in the case then under consideration that called for this expression of opinion by the court. However this may be, it was an expression of opinion bearing on a statute similar to the one now being considered, and it is entitled to great respect. In the case of Napier v. Foster, 80 Ala. 379, Stone, C. J., speaking of this statute (section 2623 of the Code), says, in the opinion of the court, that:

"It is only in cases where some error, mistake, or oversight is fatal to the right to maintain the action in the form in which it is first brought that it can ever become necessary to invoke the provisions of the statute; that the statute was intended to relieve parties of the consequences of some error, mistake, or oversight in bringing or prosecuting the first suit."

It seems to me, then, that the test by which we are to determine the issue now before the court on the pleadings is whether the judgment of reversal was fatal to the plaintiff's right to maintain the action in the form in which it was first brought, or, in short, whether the judgment of reversal rendered necessary the dismissal of the first suit,—the suit in the city court of Birmingham. Now, was the dismissal of that suit rendered necessary by the reversal of the supreme court? It does not appear that it was. It does not appear that the effect of the reversal was to prevent the plaintiff from re-

covering in that suit. The supreme court held that the plaintiff could not recover in the case made on the record then before it, and that the lower court erred in not so instructing the jury. But it did not follow that on another trial the plaintiff might not be able to make a stronger or better case in the same action. The reversal of the case by the supreme court did not have the effect of defeating the plaintiff's right to continue the suit, and recover in it. The reversal did not render necessary the dismissal of that suit. It was a voluntary dismissal. While the case at bar may come within the letter of the statute, is it not manifestly opposed to the spirit of it? The supreme court of Alabama, in the case of Napier v. Foster, supra, say:

"There are cases which require us to disregard the letter of a statute when they are manifestly opposed to its spirit. It should be a clear case, however, to justify the application of this rule. There must be a moral conviction, based on the unreasonableness of the application sought to be made, that the legislature could not have intended such result."

It seems to me that the application of the statute here sought to be made would be very unreasonable. It would be unreasonable to hold that the legislature intended to except from the operation of the statute of limitations a person who voluntarily dismisses his suit because of some adverse ruling of the supreme court in it, which did not render the dismissal necessary, but which had the effect only of declaring that on the facts of the case, as shown by the record before it, the plaintiff was not entitled to recover, and that the case should be remanded for another trial, wherein the plaintiff could have an opportunity of making a better case, if within his power to do so. As suggested by the supreme court in the case just referred to:

"The statute was intended to relieve parties of the consequences of some error, mistake, or oversight in bringing or prosecuting the first suit. If no oversight or mistake had been committed in the first suit, it would seem there could be no occasion for the statute. It is only in cases where the error, mistake, or oversight is fatal to the right to maintain the action in the form in which it is first brought that it can ever become necessary to invoke the provisions of the statute."

Is the plaintiff suffering the consequences of any error, mistake, or oversight in bringing or prosecuting the suit in the city court of Birmingham? Is it a case where there was error, mistake, or oversight on his part that was fatal to his right to maintain the action in the form in which it was first brought? If not, there could be no occasion for the statute, and it could not become necessary to invoke its provisions. The dismissal of the former suit was not rendered necessary by the judgment of reversal, and my opinion is that the statute invoked has no application. The conclusion, therefore, is that the rejoinder is a sufficient answer to the replication, and that the demurrer thereto should be overruled. It is so ordered.