Thomson, J.,
delivered the opinion of the court.
On the 19th day of January, 18.89, appellee brought his suit against the appellants to set aside certain conveyances of real estate made by the defendant Anthony Arnett to'the defendant Mary Arnett,- who was his wife, and subject the land to the payment of a judgment previously recovered by the plaintiff against the defendant Anthony Arnett, on the ground that the conveyances were without consideration,-and were made for the purpose of defrauding Anthony’s creditors, and particularly the plaintiff. It was averred in the complaint that thé facts constituting the fraud complained of first came to the plaintiff’s knowledge in the month of November, 1888. The suit resulted in a decree in accordance with the prayer of the complaint, from which decree the defendants appealed to this court, where such proceedings were had that on the 23d day of June, 1891, the decree was reversed and the cause remanded to the trial court for further' proceedings. Arnett v. Coffey, 1 Colo. App. 34. One of the grounds of-reversal was that the plaintiff had not perfected his right of action by making his judgment against Anthony Arnett a lien upon the property in the manner provided by the statute, or taken the requisite steps otherwise to entitle liim to maintain -the suit. After the judgment of reversal, *562 for the purpose- of conforming to the decision Of this court, and in pursuance of the statute, he caused to be filed and recorded in the office of the county recorder a transcript of his judgment against Anthony Arnett; and afterwards, on the 8th day of April, 1892, he dismissed the cause.
This new action was commenced on the 12th day of September, 1892. The complaint is the same as that in the former ease, except that it contains the additional averments required by the decision of this court. . The defendants answered that the cause of action did not accrue within three years before the commencement of this suit, and that this suit was not brought within one year after the reversal by this court of the decree in the former case. The plaintiff proved that he acquired his knowledge of the facts constituting the alleged fraud at the time stated in his complaint, and the defendant introduced in evidence a copy of the judgment of reversal of the former decree by this court, with the certificate of the clerk that it was entered on the 23d day of •June, 1891. After hearing the evidence, the court found for the plaintiff, and ordered the- entry of a decree setting aside the conveyances as prayed in the complain t. The plaintiff moved for a new trial on the grounds, that the finding was against the evidence, and that it was against-the law, but the motion was overruled. The judgment against the defendants was then entered. The defendants appeal, and assign for error the overruling of the motion for a new' trial, and the rendition of the decree.
The following is section 2171 of the Gen. Stats, of 1883 : “ Bills for relief, on tire ground of fraud, shall be filed within three years after the discovery by the aggrieved party, of the facts constituting the fraud, and not afterwards.” And section 2180 is as follows: “Tf in any action duly commenced within the time hei’ein limited, and allowed therefor, the process shall fail -of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it was committed, or if the process shall be abated, or the actions otherwise avoided or defeated by the death of *563 any party thereto, or for any matter of form; or if after .a verdict for the plaintiff, the judgment shall be arrested; or if the judgment for the plaintiff shall be reversed on a writ of error, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment therein.” * * *
The discovery of the facts constituting the alleged fraud was made in November, 1888, and this action was commenced on the 12th day of September, 1892, nearly four, years after-wards. The judgment obtained in the first action was reversed on the 23d day of June, 1891, nearly fifteen months before this suit was brought. It is manifest that the action was barred by the terms of section 2174, and it is equally manifest that it was barred by the provisions of section 2180, even if we concede that the latter section has any application to the case. It is only where the plaintiff’s judgment is reversed on a writ of error that the additional year is allowed him, but this .was not a reversal on a writ of error. If, however, we were at liberty to construe the statute as comprehending cases of appeal, the plaintiff’s position is no better, because he did not bring his new action within one year after the reversal. It is true that the first suit was not at an end until its dismissal in the lower court in April, 1892; and counsel seem to think that the year allowed the plaintiff within which to renew his action commenced then, but the statute does not so read. In no possible aspect of the case was this suit brought in time. The court erred in denying the motion for a new trial and in rendering a decree for the plaintiff.
The judgment will be reversed.

Reversed.