## Paige Iron Works v. Samuel Hutter.

1. Practice—*Declaration Alleging Negligence, but Not an Injury Therefrom, States No Cause of Action.*—A declaration which alleges negligence on the part of the defendant, but does not allege that plaintiff was injured by such negligence, does not state a cause of action.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed May 7, 1903.

Lackner, Butz & Miller, attorneys for appellant.

James Harvey Hooper, attorney for appellee.

Mr. Justice Windes delivered the opinion of the court.

In an action on the case tried before the Superior Court and a jury, appellee Hutter recovered a verdict of $1,500 and judgment thereon against appellant, from which this appeal is taken. The declaration has one count, which alleges that the plaintiff on April 24, 1900, was employed by the defendant, and was engaged in drilling holes in curved rails; that in so doing it was necessary that the defendant should furnish the plaintiff with a helper to help the plaintiff move and handle the heavy curved rails; that plaintiff asked defendant to furnish him a helper, but the defendant furnished a foreigner unable to speak or understand the English language, which language only plaintiff speaks, to the knowledge of defendant; that plaintiff protested to defendant against such helper, and threatened to quit work; thereupon defendant told plaintiff it then had no other suitable man for the place, but promised that it would secure a suitable man for plaintiff's helper if he would use the man tendered a short time, and not abandon the work; and that plaintiff, relying on such promise, remained at work; that during such time and while plaintiff was relying on said promise and while moving heavy curved rails to and from the drill, the said helper neg-

ligently, carelessly and unskillfully handled one end of said rails, and so carelessly, negligently and unskillfully dropped said end of said curved rail and let go of and ran away from the same that the whole of said rail dropped upon plaintiff and knocked him to the ground and broke his leg and otherwise injured him.

The plea is general issue.

At the close of the plaintiff's evidence, and again at the close of all the evidence, appellant's counsel asked the court, by a written instruction, to direct a verdict of not guilty, which the court refused. After the court had overruled appellant's motion for a new trial, it also denied appellant's motion in arrest of judgment. We are of opinion that the learned trial judge erred in each of these rulings.

The only ground of negligence alleged in the declaration on which it is claimed by appellee there could be a recovery, is that appellant furnished appellee a helper who could not speak or understand the English language, which alone was spoken by appellee. It is not alleged in the declaration that appellee was injured by reason of the fact that the helper could not speak or understand the English language, nor is any fact alleged from which this result could be reasonably inferred. The allegation made is in effect that the helper's negligent act in dropping the end of a rail caused appellee's injury, and it is conceded by appellee's counsel that a recovery is not sought because of this act of the helper, but because, as he claims, appellant failed to furnish appellee a suitable fellow-servant. But if it be claimed that appellee could recover because of this negligent act of the helper, he must fail, because the act is that of his fellow-servant, as is clearly apparent from the allegations of the declaration, and is conceded by appellee's counsel. Duffy v. Kivilin, 195 Ill. 634.

It is elementary and needs no citation of authority to establish the proposition that before there can be a recovery for negligence alleged, an injury must result from such negligence. The declaration failing, as it does, to allege that appellee's injury resulted because of the failure of

Paige Iron Works v. Hutter.

appellant to furnish to him a helper who could speak and understand the English language, it seems clear that it does not state a cause of action. It therefore follows that there can be no recovery under this declaration. While it may be true, as contended by appellant's counsel, that under the evidence in this record there could be no recovery, which we do not decide, we can not say but that under different pleadings on another trial different evidence may be adduced.

Other questions argued it seems unnecessary to consider as they may not arise upon another trial. The judgment is reversed and the cause remanded.