Hutter v. Paige Iron Works.

---

## Samuel Hutter v. Paige Iron Works.

### Gen. No. 12,492.

1. STATUTE OF LIMITATIONS—*Act of April 4, 1872, construed.* This act does not apply to cases in which a reversal accompanied by a *venire facias de novo* is awarded, but only applies where there is a reversal without remandment.

Action on the case for personal injuries. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed May 29, 1906.

JAMES H. HOOPER, for plaintiff in error.

LACKNER, BUTZ & MILLER, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This writ of error brings before the court for review the ruling of the Superior Court on demurrers to pleas of the Statute of Limitations to the amended declaration, and the entry of judgment that plaintiff take nothing by his suit.

On the first trial of the cause the plaintiff recovered a judgment, which was reversed and the cause remanded on appeal to this court, because the declaration did not state a cause of action. Paige Iron Works v. Hutter, 107 Ill. App. 673.

When the cause was redocketed in the Superior Court, the plaintiff by leave of court filed his amended declaration, alleging that the injury resulted from the defendant's negligence and failure to furnish plaintiff a helper who understood the English language. To the amended declaration defendant pleaded three pleas of the Statute of Limitations. The first of these pleas averred that the cause of action alleged did not accrue within two years next before the commencement of the suit. The second plea alleged the cause of action did not accrue within two years next before filing the amendment, and that the original declaration did not set out a cause of action. The third plea averred that the cause of action alleged in the amended declaration did not accrue within two years next before the filing of the amendment, and that the declaration as amended states another and different cause of action than that stated in the original declaration, and that the cause of action stated in the amended declaration was never sued on prior to the filing of the amendment.

A general demurrer was filed to these pleas by the plaintiff. The court overruled the demurrer and entered judgment against the plaintiff, who assigns error on the rulings of the court.

It is urged on behalf of plaintiff in error that section 25, chapter 83, Limitations, Hurd's R. S., is a remedial statute intended to remedy the evil and prevent a miscarriage of

justice where the general limitation statutes have barred an action after a given length of time.

The section referred to appears in an Act to amend an Act entitled "An Act in regard to Limitations," approved April 4, 1872; in force July 1, 1872. It is in substance as follows: "In any of the actions specified in any of the sections of said Act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error or upon appeal, * * * then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff * * * may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

The argument of plaintiff in error is that this section extends the general limitation statute and gave the plaintiff one year after the reversal in which to bring a new suit, and that the amendment was a new action in legal effect.

In our opinion the contention is not sound. The section quoted does not apply to this case. This court not only reversed the judgment entered by the lower court, but awarded a *venire facias de novo*. When the cause was re-docketed in the court below it stood in the same position as if no trial had ever been had. The statute appealed to by plaintiff in error applies to cases in which judgments have been reversed on appeal or writ of error and the cause not remanded.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*