# METROPOLITAN COACH COMPANY *v.* FREUND.

CORPORATIONS; RECEIVERSHIP; STOCK SUBSCRIPTION; ESTOPPEL; PARTIES; JUDGMENT; CONFLICT OF LAWS.

1. A right of action in favor of a corporation in behalf of its receiver can exist only where the corporation has a right of action independent of the receivership.
2. The right to hold a subscriber to corporate stock for the difference between the par value and the price for which it was sold to him by the corporation inures to the corporate creditors, and not to the corporation itself.
3. Recitals in a certificate of corporate stock held by a stockholder, that they are fully paid, estop the corporation to deny that fact for the purpose of maintaining an action to recover an assessment on the difference between the sale price and the par value.
4. A corporation suing for the use of its receiver, to enforce an assessment upon a stock subscription, stands in no better light than if the suit were brought in its own name, since secs. 431–434, 439, and 775, D. C. Code (31 Stat. at L. 1256, 1257 and 1317, chap. 854), authorize the receiver to sue in his own name. (Distinguishing *W. G. Armstrong Whitworth & Co.* v. *Norton,* 15 App. D. C. 223.)
5. A suit by a corporation for the use of its receiver, to enforce an assessment against a stock subscription, instituted in the District of Columbia, whose laws permit the receiver to sue in his own name, is not affected by the fact that the corporation is a foreign one, where the law of its situs permits the receiver to sue in his own name.
6. An order of an equity court directing a corporate receiver to sue to enforce an assessment against a stock subscription in no way warrants a suit by the corporation for the use of a receiver, where the receiver has authority to sue in his own name.

No. 2646. Submitted April 8, 1914. Decided May 4, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in favor of defendant on an agreed statement of facts, in an action brought to enforce an assessment upon a stock subscription.    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit was brought in the supreme court of the District of Columbia by the Metropolitan Coach Company, a corporation, to the use of Mason N. Richardson, receiver, to recover an assessment from William J. Freund, defendant, on certain shares of stock of said corporation, which were subscribed for and owned by him. The corporation became insolvent, and a judgment creditors' bill was filed, and its assets sold. The amount recovered was insufficient to meet its liabilities; and upon an intervening petition in the equity suit the receiver was appointed, and the cause referred to the auditor to report the liabilities of the company, the amount of unpaid subscriptions to its capital stock, based upon the difference between the price for which the stock was sold and its par value, and the *pro rata* assessments necessary against the stockholders to satisfy the indebtedness. The present suit is to recover the assessment made against defendant as a stockholder. The cause was submitted to the court below upon an agreed statement of facts, and from a judgment in favor of defendant plaintiff has appealed.

*Mr. Ralph P. Barnard, Mr. Guy H. Johnson* and *Mr. Mason N. Richardson,* for the appellant.

*Mr. Walter C. Clephane* and *Mr. Frank S. Bright* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is conceded that the capital stock of plaintiff company was $85,000, divided into 8,500 shares of the par value of $10 each, which were sold to subscribers at the rate of $5 per share;

that defendant subscribed for 40 shares, for which he paid $200, or at the rate of $5 per share, and "that the payments made for said stock as aforesaid were made by the various subscribers therefor with the distinct understanding on their part that they were in full satisfaction of all liability under their subscription agreement." We think it unnecessary to consider the circumstances attending the organization of the plaintiff corporation, since this is a suit by the corporation, and not the receiver, against one of its stockholders.

The sole question presented is the liability of defendant at the suit of the corporation for the difference between the purchase price of the stock and its par value. There may be instances where an action by a corporation for the use of its receiver can be sustained, but this can only exist where the corporation has a cause of action independent of the receivership. There is no right of action here in favor of the corporation, since defendant has paid the contract price for his stock, and the corporation cannot recover from him an amount in excess of the agreed price for which the stock was sold. *Scovill* v. *Thayer,* 105 U. S. 143, 26 L. ed. 968. The right to charge a stockholder with the difference between the par value of the stock and the price for which it was sold is the right of a creditor of the corporation, and not of the corporation itself. It follows that any defense tending to show that defendant is not liable upon his contract of subscription is open to him. *Great Western Teleg. Co.* v. *Purdy,* 162 U. S. 329, 40 L. ed. 986, 16 Sup. Ct. Rep. 810. In this case, Mr. Justice Gray said: "In this action, therefore, brought by the receiver in the name of the company, as authorized by the order of assessment, to recover the sum supposed to be due from the defendant, he had the right to plead a release or payment or the statute of limitations, or any other defense going to show that he was not liable upon his contract of subscription." Indeed, it is not contended that the corporation has any cause of action independent of the receivership. It is conceded that defendant paid for his stock the full price agreed upon with plaintiff corporation. The certificates held by defendant state upon their face that they are fully paid, and the

corporation is therefore estopped to deny that fact. *Dicker-man* v. *Northern Trust Co.* 176 U. S. 181, 44 L. ed. 423, 20 Sup. Ct. Rep. 311.

Coming to the chief question, Does the corporation stand in any better light in bringing an action for the use of its receiver, than if the suit were brought directly in its own behalf? It is contended by counsel for plaintiff that in this District a receiver of a corporation suing to recover an assessment on unpaid stock, ordered by a court of equity, must sue in the name of the corporation, and they cite as authority *Glenn* v. *Busey,* 5 Mackey, 233; *Glenn* v. *Marbury,* 145 U. S. 499, 36 L. ed. 790, 12 Sup. Ct. Rep. 914, and *W. G. Armstrong Whitworth & Co.* v. *Norton,* 15 App. D. C. 223. These decisions were based upon the general rule of the common law that the assignee of a chose in action could not sue in his own name, but must bring the action in the name of the assignor for his own use. But since these decisions were rendered, the rule in this District has been changed by the provisions of the Code. Sec. 431– 434, 439, 775 [31 Stat. at L. 1256, 1257, 1317, chap. 854]. The *Glenn Cases* are not, however, in all respects analogous to the case at bar, for in those cases there was an actual balance due from the stockholder upon his subscription contract, while here the subscription price had been paid in full; and in such a case the corporation is estopped in any event from bringing a suit to recover an additional assessment, regardless of its source. It is settled law that where the statute of a State authorizes suit to be brought by the receiver in his own name, not only is he the proper party to bring the action, but he may even bring a suit in his own name in a foreign jurisdiction. *Bernheimer* v. *Converse,* 206 U. S. 516, 534, 51 L. ed. 1163, 1176, 27 Sup. Ct. Rep. 755.

It is not important that this is a Virginia corporation, and is therefore, in its organization, issue and sale of stock, and general liability thereon, amenable to the laws of that State; since it is the rule there that in cases of this sort the action may be brought in the name of the receiver. *Lewis* v. *Glenn,* 84 Va. 947, 6 S. E. 866; *Vanderwerken* v. *Glenn,* 85 Va. 9, 6 S.

E. 806. Neither can the receiver find relief in the order of the equity court in which the assessment in question was made. The court ordered the receiver to call upon defendant and other stockholders to pay the assessments against them, and upon failure to respond to this demand, he was empowered and directed to enforce payment by suit at law or other requisite proceedings. It will be observed that the receiver, and not the corporation, was directed to make demand and to bring suit. Hence, there is no hypothesis upon which the suit in the name of the corporation can be sustained.

Inasmuch as this disposes of the appeal, it is unnecessary to consider the case upon its merits, or express an opinion upon the numerous other questions so ably discussed in the briefs of counsel for the respective parties.

The judgment is affirmed, with costs.          *Affirmed.*