NASHVILLE, C. & ST. L. RY. *v.* JULIA E. BOLTON.

(*Nashville.* December Term, 1915.)

1. **LIMITATION OF ACTIONS. Commencement of action. New action. Statute. Construction.**

Shannon's Code, sec. 4446, providing that, if an action is commenced within the time limited, but judgment is rendered against the plaintiff on any ground not concluding his right of action, or where the judgment is rendered for the plaintiff and and is arrested or reversed on appeal, plaintiff may commence a new action within one year. is remedial, and should be liberally construed in furtherance of its purpose. (*Post, p.* 450.)

Code cited and construed: Sec. 4446 (S.)

2. **LIMITATION OF ACTIONS. Nonsuit. Statute.**

Under such statute, the taking of a voluntary nonsuit entitles a plaintiff to the year in which to begin a second suit. (*Post. pp.* 450, 451.)

Cases cited and approved: Memphis, etc., R. Co. v. Pillow, 56 Tenn., 248; Hooper v. Atlanta, etc., R. Co., 106 Tenn., 28; La Follyette Coal, etc., Co. v. Minton, 117 Tenn., 415.

3. **LIMITATION OF ACTIONS. Dismissal. New suit. Statute.**

Such statute applies to actions in equity as well as to actions at law, and the plaintiff's failure to file a declaration which results in a dismissal of a suit does not prevent the bringing of a new suit. (*Post, pp.* 450, 451.)

4. **LIMITATION OF ACTIONS. Voluntary nonsuit. New action. Statute. "Reversed."**

Under such statute, plaintiff, who obtained a judgment which was reversed and remanded, and who after remand took a voluntary nonsuit, might commence a new action within the year following the nonsuit, and was not required to commence such action within one year from reversal, as the word "reversed"

means a reversal of the judgment *nisi* that terminates in the appellate court, the suit without an adjudication of the merits, and not a reversal with a remand for a new trial. (*Post, pp.* 451-456.)

Acts cited and construed:  Acts 1715, ch. 27, sec. 6;  Acts 1819, ch. 28, sec. 3.

Cases cited and approved:  Hutter v. Paige Iron Works, 127 Ill. App., 177;  Lawrence v. Shreve, 26 Mo., 492;  Strottman v. St. Louis, etc., R. Co., 228 Mo., 154;  Stuber v. Railroad, 113 Tenn., 305;  Railroad v. Bentz, 108 Tenn., 670.

Cases cited and distinguished:  Arnett v. Coffey, 5 Colo. App., 560;  Carroll v. Alabama, etc., R. Co. (C. C.), 60 Fed., 549;  Napier v. Foster, 80 Ala., 379.

Code cited and construed:   Sec. 2755 (1858.)

---

## FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— THOS. E. MATTHEWS, Judge.

CLAUDE WALLER, W. B. LAMB and FRANK SLEMONS, for plaintiff in error.

W. H. WASHINGTON and JNO. B. DANIEL, for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This action was brought in the circuit court of Davidson county by the defendant in error, the widow of Wil-

liam H. Bolton, to recover damages for the alleged wrongful death of the husband who was an engineer in the employ of the railway company.

An earlier suit on the same cause of action had been commenced and prosecuted by the widow in the circuit court of Grundy county. At one stage in the history of that first suit a judgment was recovered by her; the railway company appealed to this court, where the judgment was reversed and the cause remanded to the circuit court of Grundy county. After remand, the widow, as plaintiff, took a voluntary nonsuit, and within one year thereafter began the present suit in Davidson county.

The railway company interposed as a defense, the general statute of limitation of one year in relation to actions for wrongful death.

The circuit judge held against this defense, and rendered judgment on a verdict of the jury against the railway company. The court of civil appeals (Judge Higgins not sitting and Judge Hall dissenting) reversed this ruling, on an appeal to that court by the defendant in the court below.

The widow by petition for *certiorari* seeks a reversal of the ruling at our hands.

The position of the defendant railway for affirmance is that the new action must have been commenced within one year from the date of the reversal of the judgment in this court, and that since more than a year had elapsed before the present action was brought, the suit

is barred, notwithstanding it was begun within the year next following the voluntary nonsuit.

The staute providing for such new action is section 4446 of Code (Shannon), which reads as follows:

"If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may from time to time, commence a new action within one year after the reversal or arrest."

Counsel of both parties and the court of civil appeals say that the question thus presented is one of first impression in this State, and our investigation demonstrates the correctness of the statement.

The statute is remedial, and should be liberally construed in furtherance of its purpose. The decisions of this court have given a liberal construction to the statute; from almost every angle questions have been presented.

Differing from the courts of some other jurisdictions, it has been held that the taking of a voluntary nonsuit entitles a plaintiff to the year in which to begin a second suit. *Memphis, etc., R. Co.* v. *Pillow,* 9 Heisk. (56 Tenn.), 248; *Hooper* v. *Atlanta, etc., R. Co.,* 106 Tenn., 28, 60 S. W., 607, 53 L. R. A., 931. So differing, this court has held that the statute applies to actions in equity as well as to actions at law, and that plain-

tiff's failure to file a declaration, which results in a dismissal of his suit, does not prevent the bringing of a new suit. *La Follyette Coal, etc., Co.,* v. *Minton,* 117 Tenn., 415, 101 S. W., 178, 11 L. R. A. (N. S.), 478.

Passing to a consideration of the immediate question: Is the one year allowed for the bringing of a new suit to be computed from the date of such a reversal or from the date of the nonsuit?

Statutes, similar in terms to ours, are in effect in several other States, and the decisions therein, while comparatively few in number on the point, are in opposition to the contention of the defendant company.

The position of the railway company is supported by a *dictum* incorporated in the opinion of the court in *Arnett* v. *Coffey,* 5 Colo. App., 560, 39 Pac., 894. It there appeared that suit had been brought by the appellee against the appellants to set aside a conveyance of real estate for fraud. It was averred in the complaint that the fraud first came to plaintiff's knowledge in November, 1888. A judgment was entered in favor of plaintiff, defendants appealed, and in the appellate court there was a reversal and remand. In the lower court plaintiff dismissed his suit, and a second judgment was rendered in his favor. On appeal therefrom it was said by the court:

"Section 2180 is as follows: 'If in any action duly commenced within the time herein limited, and allowed therefor, . . . after a verdict for the plaintiff, the judgment shall be arrested; or if the judgment for the plaintiff shall be reversed on a writ of error, the plain-

tiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment therein.' . . . It was barred by the provisions of section 2180, even if we concede that the latter section has any application to the case. It is only where the plaintiff's judgment is reversed on a writ of error that the additional year is allowed him, but this was not a reversal on a writ of error. If, however, we were at liberty to construe the statute as comprehending cases of appeal, the plaintiff's position is no better, because he did not bring his new action within one year after the reversal. It is true that the first suit was not at an end until its dismissal in the lower court in April, 1892; and counsel seem to think that the year allowed the plaintiff within which to renew his action commenced then, but the statute does not so read. In no possible aspect of the case was this suit brought in time.''

This *dictum* has been incorporated, erroneously as we believe, in the text of the article on Limitation of Actions in 25 Cyc. 1323, and the Colorado case alone cited as authority.

The better doctrine is that the word ''reversed'' in the above, and in similar statutes in other jurisdictions, should be construed to mean a reversal of a judgment *nisi* that terminates, in the appellate court, the suit without an adjudication of the merits, and not to apply in instances of reversal with award of remand for new trial.

In Illinois it has been held that the statute did not apply to a case where an appellate court, not only reversed the judgment entered by the lower court, but also awarded a venire *facias de novo;* and that it applied only to cases in which judgments were reversed on nonconcluding grounds and the cause not remanded. *Hutter* v. *Paige Iron Works,* 127 Ill. App., 177.

In Missouri the principle is recognized in that the rule appears to be that the reversal referred to in the statute is one in which the merits of the cause have not been adjudicated and in which there is no remand. *Lawrence* v. *Shreve,* 26 Mo., 492; *Strottman* v. *St. Louis, etc., R. Co.,* 228 Mo., 154, 128 S. W., 187, 30 L. R. A. (N. S.), 377, 388.

In *Carroll* v. *Alabama, etc., R. Co.* (C. C.), 60 Fed., 549, the nature of the reversal provided for in the Alabama statute was under discussion. It appeared that plaintiff had brought an action in the State court, and recovered a judgment which was appealed from. The supreme court of Alabama reversed the judgment and remanded the cause. Plaintff then dismissed his action in the lower court, and brought a second action in the federal court. The statute of limitation was pleaded by the defendant company. The court said:

"In the case of *Napier* v. *Foster,* 80 Ala., 379, Stone, C. J., speaking of this statute (section 2623 of the Code), says, in the opinion of the court, that:

" 'It is only in cases where some error, mistake, or oversight is fatal to the right to maintain the action in the form in which it is first brought that it can ever

become necessary to invoke the provisions of the statute; that the statute was intended to relieve parties of the consequences of some error, mistake, or oversight in bringing or prosecuting the first suit.'

"It seems to me, then, that the test by which we are to determine the issue now before the court on the pleadings is whether the judgment of reversal was fatal to the plaintiff's right to maintain the action in the form in which it was first brought, or, in short, whether the judgment of reversal rendered necessary the dismissal of the first suit, the suit in the city court of Birmingham. Now, was the dismissal of that suit rendered necessary by the reversal of the supreme court? It does not appear that it was. It does not appear that the effect of the reversal was to prevent the plaintiff from recovering in that suit. The supreme court held that the plaintiff could not recover in the case made on the record then before it, and that the lower court erred in not so instructing the jury. But it did not follow that on another trial the plaintiff might not be able to make a stronger or better case in the same action. The reversal of the case by the supreme court did not have the effect of defeating the plaintiff's right to continue the suit, and recover in it. The reversal did not render necessary the dismissal of that suit. It was a voluntary dismissal. While the case at bar may come within the letter of the statute, is it not manifestly opposed to the spirit of it? . . .

"It seems to me that the application of the statute here sought to be made would be very unreasonable.

---

It would be unreasonable to hold that the legislature intended to except from the operation of the statute of limitations a person who voluntarily dismisses his suit because of some adverse ruling of the supreme court in it, which did not render the dismissal necessary, but which had the effect only of declaring that on the facts of the case, as shown by the record before it, the plaintiff was not entitled to recover, and that the case should be remanded for another trial, wherein the plaintiff could have an opportunity of making a better case, if within his power to do so."

It is worthy of observation that in the case of *Stuber* v. *Railroad,* 113 Tenn., 305, 87 S. W., 411, the facts gave opportunity for the raising of the question; but able counsel of the railroad company in that case did not do so. See, also, *Railroad* v. *Bentz,* 108 Tenn., 670, 69 S. W., 317, 58 L. R. A., 690, 91 Am. St. Rep., 763.

Going now from a review of the precedents to a consideration of the princple and policy involved:

The statute has not merely letter but a spirit. That spirit is manifested in the history of the statute, which is the outgrowth of St. James 1, chapter 16, section 4, North Carolina Act 1715, chapter 27, section 6, and Tenn. Act 1819, chapter 28, section 3, liberalized by our Code of 1858, section 2755. It is that a plaintiff shall not be finally cast out by the force of any judgment or decree whatsoever, not concluding his right of action, without an opportunity to sue again within the brief period limited. Further, that the judgment itself must be one that brings to a rest or conclusion the ac-

tion as then pitched and prosecuted, whether by dismissal, arrest, or reversal. A reversal with remand is not such a conclusion. It is but a temporary check in the progress of the same suit.

The argument in behalf of the railway company also proceeds in disregard of the fact that a reversal with remand often has back of it, as a reason or unexpressed purpose on the part of the appellate court, the allowance of opportunity to the plaintiff to take a nonsuit, if so advised; and the plaintiff should have the right to take such course in the circuit court before the latter could properly enter a judgment concluding him. Why a remand at all if the plaintff is not to be left to handle his cause *de novo* in the particular respect?

At the base of the statute is the thought that a plaintiff who has not been supine or dilatory does not deserve to be barred by the general statute of limitation which is directed at supineness and dilatoriness.

Believing the ruling of the court of civil appeals on the point to be without basis on sound principle, the writ of *certiorari* is granted. Its judgment is modified because of this error, and, as modified, affirmed.